No. 86-300

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
GWEN ELIZABETH MASSEY,

        Petitioner and Respondent,

  and

GEORGE KENNETH REISER,

        Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Meloy Law Firm; Peter M. Meloy, Helena, Montana

    For Respondent:

        James J. Screnar, Bozeman, Montana

Submitted on Briefs: Oct. 23, 1986

Decided: February 24, 1987

Filed: FEB 24 1987

*Ethel M. Harrison*
_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

George K. Reiser appeals from an order of the District Court of the Eighteenth Judicial District, Gallatin County, denying his motion to set aside a default judgment entered against him. We affirm.

The issue involved in this case takes place in the context of a petition for dissolution of marriage filed over two years ago. On August 18, 1979, George Reiser, appellant, and Gwen Massey, respondent, were married in Bozeman, Montana. Marital problems subsequently arose, and on June 18, 1984, Massey filed a petition for dissolution of marriage.

On the same day, Massey filed a set of interrogatories propounded to Reiser. Several days later, Reiser was personally served with a summons requiring him to answer the petition. On July 10, 1984, Reiser was represented by attorney Karl Seel. However, what follows is a series of delays imposed by Reiser which had the effect of bringing the discovery process to a standstill.

On September 27, 1984, the court entered an order declaring void a custody, support and property settlement agreement entered into by Massey and Reiser in 1982. Reiser appealed that order to the Montana Supreme Court. However, his appeal was dismissed on January 25, 1985, for failure to file briefs in the matter.

On December 3, 1985, Massey filed a motion for sanctions in the District Court, requesting the court to impose sanctions under Rule 37(d), M.R.Civ.P., for failure by Reiser to answer the interrogatories served on him on June 19, 1984. In her brief supporting the motion, Massey requested the court to grant her the right to proceed by default and to preclude Reiser from filing any response. A copy of the motion and supporting brief was served on Reiser's attorney,

Karl Seel. Reiser was further advised that the hearing on the motion would take place on December 9, 1985.

The hearing was held on December 9, and neither Reiser nor his attorney appeared. The court ordered that Reiser had fifteen days to complete the answers to the interrogatories. The order further stated that should Reiser fail to do so within that time, he would be precluded from filing any responsive pleadings, and Massey would be permitted to proceed by default. This order was served on Reiser's attorney. No response of any kind was submitted by Reiser.

On January 13, 1986, the court held another hearing on the motion for sanctions. Again, neither Reiser nor his attorney appeared. Since Reiser had not completed the answers to the interrogatories and had not offered any excuse for his failure to do so, the court entered a default judgment in Massey's favor.

On January 20, 1986, notice of entry of judgment was personally served on Reiser and on his attorney. However, it was not until April 16, 1986, that Reiser filed a motion to set aside the default judgment. After a hearing on the motion and briefing by both parties, the court denied the motion to set aside the judgment. From this order, Reiser appeals.

The sole issue presented by this appeal is whether the District Court abused its discretion in entering the default judgment against Reiser as a sanction for his failure to comply with the court's order of December 11, 1985.

Reiser contends that the default judgment should be set aside because he was never given proper notice of the application for judgment as required by Rule 55(b), M.R.Civ.P. If this were simply a default judgment matter, appellant's argument might have some merit. However, Rule 55 does not

apply in this situation; rather, Rule 37, M.R.Civ.P., is the controlling statute.

Rule 37 provides for the imposition of sanctions for failure to make discovery. Rule 37(d) states:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2) provides in part:

> Sanctions by court in which action is pending. If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just and among others the following:
>
> . . .
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

It is obvious that Rule 37 does not require notice of application for default judgment to be served on the uncooperative party. Rather, it authorizes the court to impose immediate sanctions on a party who fails to comply with the court's order compelling discovery.

Reiser maintains that the notice requirements of Rule 55 must still be complied with before a default judgment can be entered, even though it is entered as a sanction pursuant

4

to Rule 37. We do not agree. The authority provided to courts under Rule 37 is independent of the authority provided to them under the other rules. Rule 37 is a specific statute pertaining to the consequences of a party's failure to allow discovery. If a party violates a court order compelling discovery, as Reiser did in this case, Rule 37 authorizes the court to impose the sanctions provided therein. One of the sanctions allowed is entry of default judgment.

The United States Supreme Court has considered whether Rule 37 grants a court sufficient authority to impose the sanctions provided therein, independent of any other authority the court may possess. In Societe Internationale v. Rogers (1958), 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255, the District Court dismissed with prejudice a complaint because the plaintiff had failed to comply fully with a pretrial production order. The court found power to take this action under Rule 37(b)(2), Fed.R.Civ.P., as well as its inherent power. This rule is the same in all pertinent respects as Montana's Rule 37. The Court of Appeals affirmed the dismissal but not on the basis of Rule 37. It concluded that the District Court was empowered to dismiss the complaint by Rule 41(b), Fed.R.Civ.P., and by its own inherent power. The Supreme Court considered the source of a district court's authority to dismiss a complaint for failure of the plaintiff to comply with a production order. It stated:

> In our opinion, whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is "just." There is no need to resort to Rule 41(b), which appears in that part

> of the Rules concerned with trials and
> which lacks such specific references to
> discovery.   [Emphasis added.]

Societe Internationale, 357 U.S. at 207, 78 S.Ct. at 1093, 2
L.Ed.2d at 1264.   The federal courts have followed this
holding by affirming the rulings of district courts entering
default judgments against various parties for failure to
comply with their orders compelling discovery.   The defaults
were entered as a sanction under Rule 37, and the moving
party was not required to serve notice of application for
judgment prior to the entry of default.   Anderson v. Air
West, Inc. (9th Cir. 1976), 542 F.2d 1090, 1093; Haskins v.
Lister (8th Cir. 1980), 626 F.2d 42, 43.

Massey filed a motion for sanctions pursuant to Rule 37
on December 3, 1985.   Hearing on that motion was held on
December 9, and Reiser did not appear.   The court, exercising
extreme leniency and patience, ordered that Reiser had fif-
teen days within which to answer the interrogatories.   If he
did not comply, he would not be permitted to file any respon-
sive pleadings and Massey would be permitted to proceed by
default.   Reiser was silent.   Thus, on January 13, 1986, the
court entered a default judgment in Massey's favor.

We find no abuse of discretion in the court's ruling.
The petition for dissolution and the interrogatories were
served on Reiser in June 1984.   No answer was ever filed.
The court gave Reiser more than enough time to respond to the
interrogatories.   For over one and one-half years, no re-
sponse was ever filed by Reiser and no excuse for his recal-
citrance was ever offered.   Furthermore, Reiser willfully
disobeyed an order of the court compelling him to answer the
interrogatories.   Reiser's refusal to allow discovery pre-
vented the progress of Massey's case.   This type of behavior
is the precise target of Rule 37.   We find that the District

Court was well within its discretion in imposing the sanction of default judgment.

Finally, Reiser urges that if fault existed, it was caused by his attorney and not by Reiser himself. However, Reiser does not offer any facts showing that he was not apprised of the progress of the case. From the initial filing of the petition, to the court's denial of his motion to set aside the judgment, Reiser was represented by the same attorney. There are no facts indicating that Reiser was abandoned by his attorney. Moreover, over eighteen months elapsed from personal service of the summons to default judgment, yet Reiser made no response or communication of any kind. On the record before us, we conclude that Reiser, as well as his attorney, willfully and flagrantly violated an order of the court mandating discovery. Reiser has not presented any facts which would indicate his good faith and lack of fault.

We affirm the District Court's denial of Reiser's motion to set aside default judgment.

Chief Justice

We concur:

Justices

7