No. 97-106

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

JAMES R. McKENZIE,

Plaintiff and Appellant,

v.

VALENTINE M. SCHEELER,

Defendant and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry Wallace, Attorney at Law, Missoula, Montana

For Respondent:

John R. Gordon; Reep, Spoon & Gordon, Missoula, Montana

Submitted on Briefs: June 19, 1997

Decided:    December 2, 1997
Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

James R. McKenzie (McKenzie) appeals from the judgment entered by the Fourth

Judicial District Court, Missoula County, on its order dismissing his complaint with prejudice and from the District Court's subsequent order denying his motion to alter or amend the order of dismissal. We affirm.

We restate the issue on appeal as whether the District Court erred in dismissing McKenzie's complaint with prejudice for failing to comply with discovery procedures and scheduling orders.

## BACKGROUND

On December 8, 1994, McKenzie, a Canadian citizen, filed a complaint against Valentine M. Scheeler (Scheeler) for damages allegedly resulting from a vehicle accident which occurred north of St. Ignatius, Montana, on December 9, 1992. The complaint alleged that McKenzie had suffered property damages, personal injuries, pain and suffering, emotional stress, medical expenses and loss of wages as a result of the accident. After Scheeler answered the complaint, the District Court issued an order directing McKenzie to consult with Scheeler regarding the scheduling of pretrial matters and submit a proposed scheduling order by June 23, 1995. When McKenzie failed to submit a proposed order, Scheeler filed his own proposed scheduling order and the court adopted it. The scheduling order set deadlines for amending pleadings, providing expert witness disclosure statements, exchanging lay witness and exhibit lists, completing discovery and filing pretrial motions. The order also designated dates by which a settlement conference would be held and a pretrial order would be filed.

Scheeler served McKenzie with interrogatories and requests for production of documents on April 17, 1995, which included requests for medical records regarding any injury or medical condition McKenzie suffered from prior to the December 9, 1992, accident; records of medical expenses incurred by McKenzie as a result of the accident; copies of all documentary evidence McKenzie expected to offer at trial; copies of McKenzie's income tax returns for a ten-year period; and copies of prescriptions and prescription receipts for any drugs McKenzie purchased or used during the year prior to the accident. McKenzie did not respond until November 13, 1995. In addition to his failure to serve the discovery responses within the 30-day time limit provided in Rules 33(a) and 34(b), M.R.Civ.P., McKenzie's responses to many of the interrogatories and requests for production admittedly were incomplete, erroneous or otherwise inadequate.

During his deposition in January of 1996, McKenzie stated he would produce additional medical, employment and financial records. He eventually provided Scheeler with several additional documents in June of 1996, but the documents did not include the medical records and tax returns Scheeler had requested in April of 1995.

The District Court's scheduling order required the parties to conduct a settlement conference by March 25, 1996. The settlement conference was not held and, when the court noted that a settlement master report had not been filed, it ordered the parties to file a status report. McKenzie's status report stated that the case was behind schedule,

in part, because of his inability to provide the complete information Scheeler had requested.

McKenzie requested the court to modify the scheduling order to reopen discovery, which originally was to have been completed by February 1, 1996.

Scheeler's status report outlined McKenzie's failure to respond adequately to the requests for production of medical and financial documents.  Scheeler also pointed out that McKenzie had failed to meet the deadlines contained in the court's scheduling order for serving Scheeler with expert witness disclosure statements, lay witness lists and exhibit lists.  Additionally, Scheeler reported that McKenzie had not arranged for a settlement conference or even proposed a settlement master; nor had he submitted a proposed pretrial order to Scheeler.  Scheeler advised the District Court that he was reluctant to agree to any extensions of the time frames set out in the scheduling order and requested that, in the event the court extended those time frames, specific deadlines be set which would result in dismissal of the complaint if not met by McKenzie.

In light of the status reports, the District Court set a hearing for June 26, 1996, regarding the parties' scheduling and discovery disagreements.  At the hearing, McKenzie's counsel admitted that McKenzie's discovery responses had been both late and inadequate, but asserted that he was experiencing some difficulties in obtaining the information required because of McKenzie's Canadian residency.  The District Court granted McKenzie until August 15, 1996, to provide the information Scheeler requested and stated that, if McKenzie failed to provide the necessary information by that deadline, it likely would impose sanctions, which could include dismissal of the action, for failure to comply with the scheduling order under Rule 16, M.R.Civ.P.  The District Court further stated that Scheeler would have 10 days after McKenzie's response to object to any insufficient response and scheduled a hearing for September 4, 1996, to review the status of discovery matters.  It also expressly ordered McKenzie to be present, personally and with counsel, at the September 4, 1996, hearing.  The Minutes and Note of Ruling following this hearing reiterated that McKenzie was granted until August 15, 1996, to provide the requested information and that sanctions could be imposed if he failed to comply by that date.

McKenzie delivered some of the requested documents to Scheeler by the August 15, 1996, deadline.  Thereafter, Scheeler filed a timely "Notice of Insufficiency and Objection to Plaintiff's Tender of Discovery" stating that McKenzie still had not produced the complete medical records and income tax returns requested.  The notice also summarized McKenzie's continued failure to provide full expert witness disclosure statements, a lay witness list, an exhibit list, a proposed pretrial order and a suggested

settlement master, as required by the original scheduling order. Scheeler pointed out that McKenzie had not offered any explanation for failing to comply with either the discovery requests or the court's orders, and requested that the court dismiss the complaint.

Neither McKenzie nor his counsel appeared at the September 4, 1996, hearing as ordered by the District Court. Scheeler's counsel appeared and reiterated his objections to McKenzie's failure to comply with the original scheduling order and the court's June 26, 1996, order. The District Court entered a Note of Ruling in which it dismissed McKenzie's complaint, but specifically allowed 10 days within which McKenzie could move to set aside the dismissal order on a showing of good cause for his failure to respond or appear; alternatively, the court scheduled a hearing for September 13, 1996, at which, if he appeared with all the requested discovery documents, McKenzie could move to set aside the dismissal.

McKenzie's counsel appeared at the hearing on September 13, 1996, and apologized for his absence from the prior hearing, stating that he had misread the notice scheduling the September 4, 1996, hearing; McKenzie did not appear. McKenzie's counsel then moved the District Court to set aside its dismissal of the complaint, asserting that there had been no violations of the scheduling order and that, after reasonable and diligent efforts, he simply had been unable to locate the additional documents requested by Scheeler. The District Court subsequently entered a written order dismissing the action with prejudice for McKenzie's failure to comply with discovery requests, court-ordered pretrial scheduling procedures and scheduling orders, and denying McKenzie's motion to set aside the dismissal. McKenzie filed a Rule 59(g), M.R.Civ.P., motion to alter or amend the judgment dismissing his complaint, which the District Court denied, and McKenzie appeals.

## DISCUSSION

Did the District Court err in dismissing McKenzie's complaint with prejudice for failing to comply with discovery procedures and scheduling orders?

It has long been the law in Montana that a party's abuse of discovery procedures which results in needless delay of a case should not be dealt with leniently; transgressors should be punished rather than patiently encouraged to cooperate in the discovery process. Smith v. Butte-Silver Bow County (1996), 276 Mont. 329, 332, 916 P.2d 91, 92-93 (citing Owen v. F.A. Buttrey, Co. (1981), 192 Mont. 274, 277-78, 627 P.2d 1233, 1235). Concerns related to crowded dockets and the responsibility to maintain fair and efficient judicial administration have shifted the traditional reluctance to impose discovery-related sanctions to a judicial intolerance of discovery abuses. Smith,

916 P.2d

at 92.  Thus, the imposition of sanctions for failure to comply with discovery procedures is regarded with favor.  Huffine v. Boylan (1989), 239 Mont. 515, 517, 782 P.2d 77, 78 (citations omitted).

This Court generally defers to the decision of a trial court regarding sanctions for failure to comply with discovery procedures because the trial court is in the best position to know whether parties are disregarding the rights of opposing parties in the course of litigation and which sanctions for such conduct are most appropriate.  Smith, 916 P.2d at 93 (citing Dassori v. Roy Stanley Chevrolet Co. (1986), 224 Mont. 178, 180, 728 P.2d 430, 431).  As a result, we review a district court's imposition of sanctions for failure to comply with discovery procedures to determine whether the court abused its discretion.  Smith, 916 P.2d at 93.

We have not previously stated the standard for reviewing a district court's imposition of sanctions for failure to comply with a Rule 16(b), M.R.Civ.P., scheduling order.  We observe, however, that failing to abide by a scheduling order constitutes a failure to comply with the rules of procedure as well as a failure to comply with a court order and, in most instances, delays the timely resolution of the action.  In that regard, the District Court's sanction for McKenzie's noncompliance with the scheduling order was in the nature of a Rule 41(b), M.R.Civ.P., dismissal for failure "to prosecute or to comply with these rules or any order of court . . . ."  Our standard in reviewing a district court's Rule 41(b) dismissal is whether the court abused its discretion.  Hobble-Diamond Cattle Co. v. Triangle Irr. Co. (1995), 272 Mont. 37, 40, 899 P.2d 531, 533 (citation omitted).  We adopt that same abuse of discretion standard in reviewing the District Court's dismissal of McKenzie's complaint for failure to comply with scheduling orders.

Here, the District Court determined that McKenzie failed to comply with both discovery procedures and its scheduling orders.  On that basis, it dismissed McKenzie's complaint with prejudice.  We review the court's determination of McKenzie's noncompliance and the propriety of its dismissal sanction in turn.

NONCOMPLIANCE

As stated above, the District Court determined that McKenzie had failed to comply with both discovery procedures and the court's scheduling orders.  We first address McKenzie's arguments regarding the court's determination that he had not complied with

discovery procedures, then address his arguments regarding his noncompliance with the scheduling orders.

a.  Noncompliance with discovery procedures

With regard to the District Court's determination that McKenzie's noncompliance was an abuse of discovery procedures, McKenzie first asserts that any failure on his part to respond adequately to discovery requests was not an intentional trial strategy.  On that basis, he contends that his noncompliance did not rise to the level of abuse of discovery procedures sufficient under our case law to warrant imposition of sanctions.

It is true that in First Bank (N.A.)--Billings v. Heidema (1986), 219 Mont. 373, 711 P.2d 1384, for example, we stated that " '[w]hen litigants use willful delay, evasive responses, and disregard of court direction as part and parcel of their trial strategy, they must suffer the consequences.' " First Bank, 711 P.2d at 1386 (quoting Owen, 627 P.2d at 1236).  However, it is equally clear that, in First Bank and Owen, "willful delay" was only one of three examples of conduct stated to be sufficient to warrant sanctions.  Moreover, sanctions for abuse of discovery procedures are imposed in order to deter unresponsive parties in an action; it is the attitude of unresponsiveness to the judicial process, regardless of the intent behind that attitude, which warrants sanctions.  See, e.g., Huffine, 782 P.2d at 78; Landauer v. Kehrwald (1987), 225 Mont. 322, 325, 732 P.2d 839, 841; Audit Services v. Kraus Const., Inc. (1980), 189 Mont. 94, 102, 615 P.2d 183, 187-88.

In this case, McKenzie's initial responses to Scheeler's discovery requests were untimely under Rules 33(a) and 34(b), M.R.Civ.P., and, in addition, were either incomplete or erroneous.  Despite assurances to Scheeler that the requested information existed and would be forthcoming, McKenzie failed to deliver complete medical and financial records.  The District Court eventually granted McKenzie's request for an extension of time in which to respond to the discovery requests, but warned that sanctions--including dismissal--could result if noncompliance continued.  McKenzie did not comply.  Moreover, both McKenzie and his counsel failed to appear at the hearing set for September 4, 1996.

When McKenzie's counsel did appear on September 13, 1996, he still did not produce the requested discovery.  Instead, he attempted to justify the noncompliance by raising new arguments that the information requested by Scheeler was unavailable and that the requests were unreasonable.  These assertions were directly contrary to McKenzie's previous assurances that the information existed and would be produced.  Moreover, McKenzie's counsel did not support his arguments with any testimony, affidavits or other evidence establishing that the requested documents were unavailable.  Unsupported arguments of counsel are not evidence and do not establish the existence of the matters that are argued.  See, e.g., Montana Metal Buildings, Inc. v. Shapiro (Mont.

1997), 942 P.2d 694, 698, 54 St.Rep. 731, 733.

McKenzie repeatedly failed to respond adequately to Scheeler's discovery requests. In addition, he did not comply with the District Court's order that he respond in full to those discovery requests and offered no reasonable justification for his noncompliance. The record clearly reflects an ongoing attitude of unresponsiveness to discovery procedures and disregard of the court's authority on McKenzie's part throughout the course of this action.

McKenzie also argues that, pursuant to Rule 26(e), M.R.Civ.P., he was allowed to supplement or amend his previous discovery responses at any time prior to trial and that the District Court's determination that he failed to comply with discovery procedures by not providing complete responses to Scheeler's discovery requests effectively nullified that Rule. McKenzie's argument is without merit.

First, Rules 33(a) and 34(b), M.R.Civ.P., require a party to respond to interrogatories and requests for production in full, unless objected to, within 30 days of being served with the interrogatories or requests. Accepting McKenzie's interpretation of Rule 26(e) would effectively nullify that duty by allowing a party to drag out the discovery process indefinitely through continuous "supplementing" of previous responses in a piecemeal fashion, without ever fully responding to the interrogatory or request for production.

Second, McKenzie misapprehends the nature of Rule 26(e). Rule 26(e), M.R.Civ.P., addresses the limited circumstances under which a party who has responded to a discovery request "with a response that was complete when made . . . " must supplement that complete response. In the present case, it is undisputed that McKenzie's initial responses to Scheeler's discovery requests were not complete. Thus, Rule 26 (e), M.R.Civ.P., is inapplicable here.

We conclude that McKenzie repeatedly failed to fully and timely comply with discovery requests propounded by Scheeler and that the District Court did not err in determining that McKenzie's noncompliance was an abuse of discovery procedures.

b. Noncompliance with scheduling orders

McKenzie also contends that the District Court erred in determining that he failed to comply with its scheduling orders. In this case, the scheduling orders at issue consist of the original June 30, 1995, scheduling order and the June 26, 1996, order extending the deadline by which McKenzie was to respond fully to the discovery requests. While the June 26, 1996, order is a discovery-related order in that it ordered McKenzie to respond fully to Scheeler's long-pending discovery requests, it also constitutes a scheduling order in that the District Court made a limited modification of the discovery

deadline contained in the original scheduling order. See Rule 16(b), M.R.Civ.P.

Rule 16(b), M.R.Civ.P., provides that a district court shall enter a scheduling order in each case delineating the time frames within which all pretrial matters will be completed by the parties. The District Court duly entered a scheduling order in this action on June 30, 1995, and it is undisputed that McKenzie failed to comply with those portions of the scheduling order which required him to provide Scheeler with an exhibit list, a lay witness list, expert witness disclosure statements, a proposed pretrial order and a suggested settlement master.

McKenzie asserts, however, that, because the court amended the time frames in the scheduling order, it was impossible for him to comply with the original schedule deadlines. We disagree. At the June 26, 1996, hearing, the District Court extended the deadline by which McKenzie was required to fully respond to Scheeler's earlier discovery request until August 15, 1996. The court did not extend any of the other deadlines contained in the original scheduling order. Absent such an extension of the other original deadlines, McKenzie's failure to provide Scheeler with witness and exhibit lists and expert witness disclosure statements constituted a continuing violation of the court's original scheduling order.

Moreover, at the time the District Court granted McKenzie's request for an extension of the discovery deadline, the other deadlines set in the original scheduling order had passed. Thus, McKenzie already had failed to comply with those deadlines. The court's extension of the time in which McKenzie was to respond to the discovery requests had no bearing on the fact that McKenzie had already failed to provide Scheeler with a witness list, an exhibit list and expert witness disclosure statements by the originally set deadlines, and apparently made no effort to comply even after the June 26, 1996, order extending one--and only one--deadline.

Additionally, the District Court's June 26, 1996, order extending the time in which McKenzie was to respond to Scheeler's discovery requests and requiring McKenzie to appear on September 4, 1996, was, in essence, a revised scheduling order with which McKenzie also failed to comply. He neither fully responded to the discovery requests by the August 15, 1996, deadline nor appeared at the subsequent hearing. We conclude that the District Court did not abuse its discretion in determining that McKenzie failed to comply with its scheduling orders.

## REVIEW OF SANCTION IMPOSED

After determining that McKenzie had committed discovery and scheduling abuses, the District Court dismissed McKenzie's complaint with prejudice. We review the court's dismissal sanction to determine whether the court abused its discretion. Smith, 916 P.2d at 95.

McKenzie does not contend that the District Court lacked authority to impose the sanction of dismissal. Indeed, Rules 16 and 37, M.R.Civ.P., provide the District Court with the authority to impose the dismissal sanction. Rule 16(f), M.R.Civ.P., provides that, if a party fails to obey a scheduling order, the court may make such orders as are just, including the dismissal sanction authorized by Rule 37(b)(2)(C), M.R.Civ.P. Additionally, Rule 37(b)(2), M.R.Civ.P., provides that if a party fails to obey an order to provide discovery, the court may make such orders as are just, including "(C) [a]n order . . . dismissing the action . . . ."

McKenzie argues, however, that any noncompliance on his part did not warrant the imposition of sanctions at all and that, if sanctions were warranted, the court's dismissal of his complaint with prejudice was too extreme under these circumstances.

a. Imposition of sanctions

McKenzie asserts that he should not have been sanctioned for not complying with the original scheduling order because the District Court's June 26, 1996, order directing him to comply with Scheeler's discovery requests did not also require him to comply with the original scheduling order and the court did not warn him that sanctions would be imposed if he did not comply with the scheduling order. We disagree.

The June 30, 1995, scheduling order was an order of the court which, by its terms, required McKenzie to comply with all of the deadlines set forth therein, at all times thereafter, unless modified by the court upon a showing of good cause. Rule 16(b), M.R.Civ.P. McKenzie had a continuing obligation to comply with the scheduling order and that obligation did not evaporate merely because the deadlines set out in the order had passed without being met.

Moreover, even though Rule 16(f), M.R.Civ.P., which provides that a district court may impose sanctions for failure to obey a scheduling order, does not require that a party be given notice of failure to comply or that sanctions could be imposed, it is clear that McKenzie did have such notice. Scheeler's status report, filed before the hearing in June of 1996, summarized McKenzie's failure to meet the various deadlines set out in the scheduling order and requested that, in the event the court extended any of the originally scheduled deadlines, any failure by McKenzie to comply with the new deadlines should result in dismissal of the complaint. When the District Court granted McKenzie additional time to respond to the discovery requests, it warned that failure to comply with the extended deadline could result in a Rule 16 sanction for not complying with a scheduling order and that such sanction most likely would consist of dismissal of his complaint. Further, Scheeler's subsequent notice of insufficiency--to which McKenzie also did not respond--reiterated McKenzie's noncompliance with the original

scheduling order and requested the District Court to enter an order dismissing the complaint. McKenzie had clear notice that he was not in compliance with the original scheduling order and that the court was considering the possibility of sanctions--specifically, dismissal of the action--if the noncompliance continued.

McKenzie also asserts that Scheeler was required to file a motion requesting the imposition of sanctions for his failure to comply with the discovery requests and the scheduling orders before the District Court could impose any sanction, and that Scheeler failed to file such a motion in this case. McKenzie's foundational premise is flawed. Rule 16(f), M.R.Civ.P., provides that, if a party fails to comply with a Rule 16(b) scheduling order, the court may impose such sanctions as are just on its own initiative. It contains no requirement that a party move for imposition of such sanctions. As to McKenzie's failure to comply with discovery procedures, sanctions for such conduct are governed by Rule 37, M.R.Civ.P. As discussed above, Rule 37(b)(2), M.R.Civ.P., provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ." It contains no requirement that an opposing party move for sanctions. Here, the District Court entered a specific order on June 26, 1996, requiring McKenzie to provide discovery responses to Scheeler by August 15, 1996. The June 26, 1996, order was, therefore, "an order to provide . . . discovery" under Rule 37(b)(2), M.R.Civ.P. McKenzie did not comply with that order. Thus, Rule 37(b)(2), M.R.Civ.P., authorized the court to sanction McKenzie for that noncompliance. We conclude that the District Court did not abuse its discretion in determining that McKenzie's noncompliance with the scheduling orders and discovery procedures warranted the imposition of sanctions.

### b. Dismissal sanction

First, McKenzie argues that the District Court erred in relying on Dassori as support for dismissal of the complaint in the present case. He contends that Dassori is clearly distinguishable because "[t]here was no pattern in this case of either the type or extent of dilatory 'tactics' referred to in Dassori." We disagree. In Dassori, the plaintiff requested and received an additional month in which to answer interrogatories served on him the previous month. The plaintiff failed to respond within the extended time. Dassori, 728 P.2d at 431. Seven months later, the defendants filed a motion to dismiss the complaint based on the plaintiff's failure to respond; a hearing was held on the motion to dismiss approximately five months thereafter. Dassori, 728 P.2d at 431. Although the plaintiff appeared at the hearing and presented the court with the required discovery responses, the district court dismissed the complaint.

Dassori, 728 P.2d at 431. We affirmed the dismissal sanction, reiterating our deference to a district court's decision regarding the imposition of sanctions on parties who fail to comply with discovery procedures. Dassori, 728 P.2d at 431.

In the present case, Scheeler served his discovery requests on McKenzie on April 17, 1995. McKenzie did not object or request an extension of the time in which to respond, and did not respond at all until November 13, 1995. Moreover, his tardy responses were incomplete. Two months later, during his deposition, McKenzie stated that he would produce additional financial and medical records for Scheeler, but he produced nothing until June of 1996, and his production of documents at that time also was incomplete. Eventually, the District Court set a hearing to discuss the parties' discovery and scheduling disagreements, at which the court granted McKenzie additional time to respond to the discovery requests. McKenzie still failed to comply, despite assurances to both Scheeler and the District Court that the requested documents existed and were available. Finally, seventeen months after Scheeler served the initial discovery requests on McKenzie, the court dismissed McKenzie's complaint for failure to comply with discovery procedures and scheduling orders.

The present case reveals a pattern of conduct by McKenzie throughout the proceedings at least comparable to, if not more egregious than, that before us in Dassori. In Dassori, the dismissal of the plaintiff's complaint resulted from a twelve-month delay in providing discovery responses. Here, the delay was sixteen months. Furthermore, unlike the plaintiff in Dassori, McKenzie never produced complete responses to Scheeler's discovery requests. On the basis of McKenzie's discovery abuses alone, Dassori provides sufficient authority for the District Court's dismissal of the complaint.

Moreover, in addition to his discovery abuses, McKenzie also failed to comply with the deadlines set out in the court's original scheduling order and he and his attorney both failed to appear at a hearing the court specifically ordered them to attend. He also failed to comply with the court's order requiring him to fully respond to the discovery requests and provided no reasonable justification for his failure to comply. McKenzie's disregard of the District Court's orders provides significant additional support for the court's determination that the sanction of dismissal was appropriate.

As discussed above, this Court generally defers to the decision of a district court regarding sanctions for abuses of controlling procedural rules because that court is in the best position to know which sanction is most appropriate under the circumstances of the case. See Smith, 916 P.2d at 93. While dismissal is an extreme sanction, the record before us indicates a pattern of discovery abuses and disregard of court orders by

McKenzie throughout the course of this litigation which effectively halted the discovery process and delayed any progress toward resolving the action.

Notwithstanding this abysmal record, McKenzie contends that the District Court abused its discretion in dismissing the complaint. First, he argues that, because he did produce at least some of the requested documents and made a good faith effort to substantially comply with the requested discovery, the court should have imposed a sanction less extreme than dismissal.

Scheeler's requests for production included requests for medical records regarding any injury or medical condition from which McKenzie suffered prior to the December 9, 1992, accident; medical records relating to any injuries McKenzie claimed to have suffered as a result of the accident; records of medical expenses incurred by McKenzie as a result of the accident; copies of prescriptions and receipts for any medications McKenzie purchased or used during the year prior to the accident; and copies of his income tax returns for a ten-year period.

While the record before us is not altogether clear regarding what documents were produced by McKenzie or the extent to which he complied with the discovery requests, it appears that McKenzie's initial responses to the requests for production consisted of two letters from doctors, a credit card charge slip and incomplete tax records covering a period of four years. The additional documents produced by McKenzie on June 4, 1996, apparently consisted of two letters and several forms relating to McKenzie's employment history with two trucking companies, a letter signed by Mrs. Donna McKenzie stating that McKenzie was disabled and in bed between June and November of some unspecified year, and a computer printout from a physical therapy clinic listing the dates on which McKenzie visited the clinic. Finally, McKenzie apparently produced tax returns for a portion of the time period requested, two medical reports and a computer printout of visits to a physician during June and July of 1993.

Considering the limited documents of record and the absence of any testimony, affidavits or other evidence detailing the efforts McKenzie may have made to procure additional documents or the reasons for any inability to procure such documents, we are reluctant to determine whether McKenzie's efforts were, indeed, in good faith and substantial. When this Court cannot make a ready, confident and accurate determination of a party's good faith compliance with the discovery process, we will presume the correctness of a district court's action in imposing sanctions. Landauer, 732 P.2d at 840 (citations omitted); Dassori, 728 P.2d at 431(citations omitted). On the record before us, we will not disturb the District Court's determination that dismissal of the complaint was the appropriate sanction for McKenzie's failure to comply with the discovery requests.

Finally, McKenzie asserts that, contrary to the requirements set forth in Smith,

dismissal of his complaint was inappropriate because there was no indication that his failure to comply with discovery procedures or the scheduling order resulted in any prejudice to Scheeler. In this regard, we stated in Smith that "[t]he extent of the 'consequences' imposed by a district court . . . should relate to the extent and nature of the actual discovery abuse and the extent of the prejudice to the opposing party which results therefrom." Smith, 916 P.2d at 97.

The accident at issue in this case occurred in December of 1992 and McKenzie filed his complaint against Scheeler in December of 1994. Scheeler subsequently served interrogatories and requests for production on April 17, 1995. Over the course of the following seventeen months, McKenzie continuously failed to provide complete responses to the discovery requests and offered no justification for his failure to respond fully; he also failed to comply with a court order requiring him to provide complete discovery responses to Scheeler. Thus, when the District Court dismissed McKenzie's complaint, nearly four years had passed since the accident and two years had elapsed since he filed his complaint. In that period of time, McKenzie still had not provided Scheeler with the most basic information documenting his various claims for personal injuries, pain and suffering, medical expenses and lost wages. Without such information, Scheeler was prevented from assessing the bases for, and developing a defense against, McKenzie's claims.

Such a refusal to provide discovery essentially prevents the case from progressing and is the precise reason for the availability of sanctions pursuant to Rule 37, M.R. Civ.P. See In re Marriage of Massey (1987), 225 Mont. 394, 398, 732 P.2d 1341, 1344. When a party's failure to comply with discovery procedures effectively halts the discovery process, it results in impermissible prejudice to the opposing party. See First Bank, 711 P.2d at 1386 (citation omitted). Thus, McKenzie's failure to comply with discovery procedures was, in itself, prejudicial to Scheeler.

Moreover, while the District Court made no finding regarding the extent to which Scheeler had been prejudiced by McKenzie's failure to comply with discovery procedures and scheduling orders, it clearly found McKenzie's noncompliance, which it characterized as "flagrant, repeated and continuous," to be so extensive as to warrant a dismissal in its own right. We agree. McKenzie repeatedly ignored the rules governing discovery and disregarded court orders. Although the extent of the discovery abuse and prejudice to an opposing party are both factors to be considered in determining an appropriate sanction, a party's disregard of the court's orders and authority is an additional consideration. In this case, McKenzie's continuous discovery abuses, his unresponsive attitude toward

the judicial process and his disregard of the District Court's authority, combined with the inherent prejudice to Scheeler, clearly warranted the sanction of dismissal. We conclude that the District Court did not abuse its discretion in dismissing McKenzie's complaint with prejudice as a sanction for his failure to comply with discovery requests and scheduling orders.

Finally, we address the District Court's denial of McKenzie's motion to alter or amend its order dismissing his complaint which was based, in part, on McKenzie's failure to present the court with any reason justifying his continued failure to comply with the court's orders. Our standard of review of a district court's denial of a motion to alter or amend is whether the court abused its discretion. Estate of Nielsen v. Pardis (1994), 265 Mont. 470, 478, 878 P.2d 234, 238.

In light of our conclusion that the District Court did not abuse its discretion in dismissing the complaint, we further conclude that the court did not abuse its discretion in denying McKenzie's motion to alter or amend the order of dismissal. We hold that the District Court did not err in dismissing McKenzie's complaint with prejudice based on his failure to comply with discovery procedures and scheduling orders.

Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ WILLIAM E. HUNT, SR.

Justice W. William Leaphart, dissenting.

I concur with the conclusion that McKenzie's failure to timely respond to the discovery requests constitutes noncompliance with both the rules of procedure and the court's scheduling order. I further agree that the court did not abuse its discretion in determining that McKenzie's conduct was sanctionable. I would hold, however, that the District Court abused its discretion in its choice of sanctions; that is, in dismissing the complaint with prejudice.

The Court notes that a dismissal for failure to comply with a Rule 16, M.R.Civ. P., scheduling order is akin to a dismissal for failure to prosecute under Rule 41(b),

M.R.Civ.P. The Court cites our decision in Hobble-Diamond Cattle Co. v. Triangle Irr. Co. (1995), 272 Mont. 37, 40, 899 P.2d 531, 533, for the proposition that we review Rule 41(b) dismissals for an abuse of discretion. As noted in Hobble-Diamond, "we have established four factors to be considered in determining whether a district court abused its discretion in dismissing an action under Rule 41(b), M.R.Civ.P.: 1) plaintiff's diligence in prosecuting the claim; 2) prejudice to the defense caused by plaintiff's delay; 3) availability of alternate sanctions; and 4) existence of a warning that the case is in danger of dismissal." Hobble-Diamond, 899 P.2d at 534.

Here we have a period of 16 months in which the plaintiff failed to adequately respond to discovery requests. While I agree that a 16-month delay is sanctionable, I seriously question whether a dismissal with prejudice is appropriate. Although there is no definitive standard as to how long a delay must be before a dismissal is warranted, I note that we have held that dismissal after a delay of "slightly more than two and one-half years" was held an abuse of discretion in Becky v. Norwest Bank Dillon, N.A. (1990), 245 Mont. 1, 8, 798 P.2d 1011, 1016.

Accordingly, given that the 16-month delay was not as egregious as others we have addressed, combined with the fact that the only prejudice to the defendant was the prejudice which is presumed from the delay itself, I would require that the District Court consider alternate sanctions before invoking the extreme sanction of dismissal. "[D]ismissals should be imposed sparingly and must remain the exception rather than the rule." Hobble-Diamond, 899 P.2d at 535. In Hobble-Diamond, we reversed a dismissal under Rule 41(b) where there had been a one-year delay. We determined that "the 'availability of alternate sanctions' factor weighs in Hobble-Diamond's favor given the plethora of alternate sanctions and remedies available and the period of delay at issue." Hobble-Diamond, 899 P.2d at 535. The 16-month period in the present case is not significantly longer than the 12-month delay in Hobble-Diamond. As in Hobble-Diamond, the District Court should have looked to the plethora of less severe alternate sanctions, for example refusing to allow McKenzie to support designated claims or prohibiting him from introducing designated matters in evidence. Rule 37(b)(2)(B), M.R.Civ.P. For these reasons, I would reverse the dismissal and remand for appropriate alternate sanctions under Rule 37(b)(2), M.R.Civ.P.

/S/  W. WILLIAM LEAPHART