Nos. 00-684 & 00-685

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 40N

ROBERTA ARNOUX,

      Plaintiff/Appellant,

v.

JTL GROUP, INC., f/k/a
PIONEER READY MIX, INC.,

      Defendant/Respondent.

**FILED**

MAR 0 6 2001

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                  In and for the County of Gallatin,
                  The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Philip E. Roy, Law Office of Philip E. Roy, Great Falls, Montana

      For Respondent:

           Gregory R. Todd, Roybal, Lee & Todd, Billings, Montana

Submitted on Briefs: February 1, 2001

Decided: March 6, 2001

Filed:

_____
                 Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    The Eighteenth Judicial District Court, Gallatin County, granted JTL Group's (JTL) motion to dismiss Roberta Arnoux's (Arnoux) two cases for failure to comply with discovery rules, for failure to comply with the District Court's scheduling orders, and for failure to prosecute her cases. Arnoux now appeals. We affirm.

¶3    The issues on appeal are properly stated as follows:

1. Should most of Arnoux's statement of facts, exhibits and arguments be stricken and not considered on this appeal?

2. Was the District Court correct in dismissing both of Arnoux's claims with prejudice?

**FACTUAL BACKGROUND**

¶4    On July 20, 1995, Arnoux filed a personal injury action against JTL, her employer, under cause No. DV 95-211, alleging she was injured when a co-employee struck her with his truck. Arnoux was represented at the time by Peter Michael Meloy. Both parties asked and answered written discovery between August 1995 and March 1996. JTL took the

depositions of Arnoux's seven doctors and one fact witness. Arnoux took no depositions. A pretrial conference was held and a pretrial order was signed on April 16, 1997.

¶5 Arnoux then attempted to amend her personal injury case to add allegations of discrimination. The District Court denied Arnoux's motion to amend. On June 13, 1997, Arnoux filed her second complaint against JTL, under cause No. DV 97-207, alleging sexual and racial discrimination. On November 26, 1997, Mr. Meloy moved to withdraw as attorney for Arnoux in both cases. The District Court held two hearings on Meloy's withdrawal, and ultimately granted his motion.

¶6 Philip Roy appeared as Arnoux's attorney in both cases in June 1998. The District Court held a pretrial conference and issued a second scheduling order on July 16, 1998, combining the two cases for the purposes of discovery, exchange of information, mediation, and a pretrial conference. On August 17, 1998, JTL deposed Arnoux in the discrimination case. JTL then served written discovery on Arnoux on September 15, 1998, along with a request for statement of damages.

¶7 On September 15, 1998, JTL also filed and served its lay witness and exhibit lists, as both parties were required to do under the scheduling order. On October 15, 1998, JTL filed and served its Rule 26(b)(4) expert disclosures in both cases, again in compliance with the scheduling order. Arnoux failed to meet either deadline. Arnoux took no depositions in 1998, nor did she submit any further written discovery, or supplement her previous discovery

responses with updated medical records. In addition, she failed to respond to JTL's request for statement of damages, and did not timely answer JTL's written discovery.

¶8 On January 7, 1999, attorneys for both sides agreed to mediation, to be held in Bozeman on January 15, 1999. The Mediator sent an order verifying the time and place of the settlement conference to both sides. However, Arnoux canceled on January 13, 1999, because her attorney was moving offices. The settlement conference was not rescheduled.

¶9 On January 26, 1999, JTL filed a motion to dismiss both complaints with prejudice. A hearing was set for February 16, 1999. Just minutes before the start of this hearing, Arnoux's attorney hand-delivered a response to JTL's motion. Arnoux also presented what purported to be answers to JTL's written discovery. The District Court ordered the parties to discuss the discovery issues and return later that afternoon. Upon return, the attorneys and the District Court discussed the inadequacy of Arnoux's discovery responses. No updated medical records were provided, nor were there any records from newly identified doctors. The District Court granted Arnoux 45 days to correct these deficiencies and satisfactorily answer the discovery.

¶10 After the 45 days had passed, JTL's attorney filed an affidavit setting forth the numerous deficiencies in the plaintiff's discovery responses. Arnoux subsequently updated her responses. On April 8, the court held a telephone status conference. The District Court and counsel discussed Arnoux's newest discovery responses, which did for the first time provide the names of Arnoux's proposed expert witnesses, but which did not contain Rule

4

26(b)(4) disclosures. (According to the court's scheduling order, the names of the experts and the disclosures were to be filed on or before October 15, 1998.) At the conclusion of the telephone conference, the District Court issued an order setting a pretrial conference for May 6, 1999. The District Court told JTL it could refine its motion to dismiss in light of what had and had not been supplied in the latest discovery responses.

¶11 Subsequently, JTL received a purported supplemental discovery response in both cases consisting of six pages of difficult to read handwritten notes from Dr. Julia Purvis. However, Arnoux made no attempt to reconvene mediation, nor did she ever submit an exhibit list as required by the scheduling order or answer JTL's request for statement of damages.

¶12 At the May 6, 1999 pretrial conference, the District Court was advised for the first time that Arnoux's attorney was experiencing medical problems. The District Court reached Arnoux's attorney by telephone in his hospital bed, where he was recovering from a toe amputation brought on by complications from diabetes. Arnoux's attorney moved to reset the pretrial conference, and a new pretrial conference was set for July 2, 1999. On June 21, 1999, Arnoux filed a motion to vacate the pretrial conference for at least sixty days more because her attorney would be hospitalized for a period of six weeks. The District Court reset the pretrial conference for September 24, 1999.

¶13 The pretrial conference was continued once more because the case had not been mediated. No mention of Arnoux's attorney's health was made in the District Court's order

5

of September 22, 1999, which reset the pretrial conference for October 22, 1999. Mediation took place without success on October 13, 1999, and the pretrial conference and hearing on JTL's motion to dismiss was finally held on October 22, 1999. Arnoux did not file a brief in opposition to the motion to dismiss. On June 19, 2000, the District Court issued its order dismissing both of Arnoux's complaints with prejudice.

## ISSUE 1

¶14 **Should most of Arnoux's statement of facts, exhibits and arguments be stricken and not considered on this appeal?**

¶15 JTL asks us to strike virtually all of Arnoux's Statement of Facts, claiming they are conclusory allegations that are completely unsupported by the record. JTL also argues that Exhibit B from Arnoux's brief must be stricken as totally irrelevant and inappropriate. JTL maintains that much of Arnoux's argument misses the point of the issues on appeal, injects unsupported conclusions into the case, and blatantly attempts to play on sympathy. JTL contends that the inclusion of this information is symptomatic of Arnoux's approach throughout the long and painful history of these two cases, and her unwillingness to focus on compliance with District Court orders and the Rules of Civil Procedure. Arnoux responds that this is another example of JTL's misinformation to the Court, and declares that all of her assertions are provable and will be supported by testimony at trial. Apparently, Arnoux misunderstands the requirements of the Rules of Appellate Procedure.

¶16 It is a well-established rule that parties are bound to the record on appeal and may not supplement it with unsubstantiated matters in briefs or appendices. *Bahm v. Southworth,*

6

2000 MT 244, ¶ 11, 10 P.3d 99, ¶ 11. We will not consider off-the-record allegations in determining whether a district court erred in its findings. *Bahm*, ¶ 11. Arnoux has not submitted any affidavits under Rule 22, M.R.App.P., nor has she filed a statement of evidence, agreed statement, or correction or modification of the record pursuant to Rule 9, M.R.App.P. Arnoux ordered, and the Court received, a transcript of proceedings from the recorded hearings before the District Court. However, the transcript for the most part covers the procedural matters before the court, and does not document or even reference the bulk of Arnoux's alleged facts. Accordingly, the Court finds JTL's motion to be well taken, and strikes those statements, arguments, and exhibits contained in Arnoux's brief that are unsupported in the record and do not comply with the Montana Rules of Appellate Procedure.

## ISSUE 2

¶17 **Was the District Court correct in dismissing both of Arnoux's claims with prejudice?**

¶18 We review a district court's grant of a motion to dismiss to determine whether the court abused its discretion. *In re McGurran*, 1999 MT 192, ¶ 7, 295 Mont. 357, ¶ 7, 983 P.2d 968, ¶ 7. It has long been the law in Montana that a party's abuse of discovery procedures should not be dealt with leniently. *McKenzie v. Scheeler* (1997), 285 Mont. 500, 949 P.2d 1168, 1172 (upholding dismissal as a sanction for discovery violations). The imposition of sanctions for failure to comply with discovery procedures is regarded with favor. *Huffine*

*v. Boylan* (1989), 239 Mont. 515, 517, 782 P.2d 77, 78 (upholding the dismissal of a pro se litigant's case as a sanction for discovery violations).

¶19 After striking the off-the-record allegations contained in Arnoux's brief, we are left with very little. What the record does demonstrate, though, is that Arnoux consistently failed to meet her obligations under the Montana Rules of Civil Procedure. Among other omissions, she did not timely or completely answer discovery requests, she failed to comply with the District Court's scheduling orders, and she did not respond to JTL's request for statement of damages or its motion to dismiss. While we sympathize with Arnoux's attorney over his health problems, we note they were not brought to the court's attention until nearly a year after he appeared for the plaintiff in these two cases, and well after the documented deficiencies in the prosecution of Arnoux's case were underway.

¶20 Arnoux has not advanced any cogent legal arguments to support her contention that the District Court erred in dismissing her actions with prejudice for her failure to prosecute or comply with the court's orders. Rule 23 (4), M.R.App.P., requires an appellant to cite authority in support of the positions advanced on appeal. Failure to comply with this rule is fatal to an appeal. *State v. Blackcrow*, 1999 MT 44, ¶ 33, 293 Mont. 374, ¶ 33, 975 P.2d 1253, ¶ 33. Arnoux does not attempt to distinguish or even address *McKenzie v. Scheeler* (1997), 285 Mont. 500, 949 P.2d 1168; *Huffine v. Boylan* (1989), 239 Mont. 515, 782 P.2d 77, or other similar cases in which we have upheld the District Court's imposition of the sanction of dismissal for the failure of a party to comply with a district court's discovery

8

orders and the rules of civil procedure. It is not this Court's obligation to develop arguments or locate authorities in support of a party's assertions. *Blackcrow*, ¶ 33. Arnoux alone shoulders the burden of establishing an abuse of discretion by the District Court. *Rieman v. Anderson* (1997), 282 Mont. 139, 147, 935 P.2d 1122, 1127. We conclude that Arnoux has failed to carry her burden.

¶21 The District Court is therefore affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9