No. 00-628

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 67N

CHARLES PLUID,

Petitioner and Appellant,

v.

STATE OF MONTANA, DEPARTMENT OF
HEALTH AND HUMAN SERVICES, CHILD
SUPPORT ENFORCEMENT DIVISION,

Respondent and Respondent.

FILED

APR 18 2001

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:     District Court of the Eighteenth Judicial District,
                 In and for the County of Gallatin,
                 The Honorable Mike Salvagni, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Karl P. Seel, Attorney at Law, Bozeman, Montana

        For Respondent:

            Lonnie J. Olson, Assistant Attorney General, Child Support
            Enforcement Division, Department of Public Health and Human
            Services, Helena, Montana

Submitted on Briefs: January 11, 2001

Decided: April 18, 2001

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Charles Pluid appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, which dismissed his petition for judicial review of a decision of the Child Support Enforcement Division (CSED). The court dismissed the petition as a sanction for Pluid's failures to comply with a scheduling order, respond to a motion to dismiss, and appear at a status conference. We affirm.

¶3 Pluid raises several issues, but we address only the dispositive issue of whether the District Court abused its discretion in imposing the sanction of dismissal.

¶4 Pluid filed his petition for judicial review in July of 1999, and CSED filed a response. At a scheduling hearing in November of 1999, the District Court ordered Pluid to file an amended petition for judicial review by December 10, 1999, and to file an opening brief in support of his petition by January 14, 2000. He filed neither. On January 26, 2000, CSED's counsel wrote to Pluid's counsel, sending a copy to the court file, asking to discuss the case before seeking sanctions including possible dismissal. CSED moved to dismiss the petition for judicial review in February of 2000, pursuant to Rule 16(f), M.R.Civ.P., as a sanction for

2

Pluid's failure to obey the scheduling order. Pluid filed no response. Nor did he or his counsel appear for a March 7, 2000, status conference set at the November scheduling hearing, at which the motion to dismiss was discussed. On April 13, 2000, the District Court granted CSED's motion to dismiss pursuant to Rule 16(f), M.R.Civ.P.

¶5    Rule 16(f), M.R.Civ.P., provides, in relevant part:

> **Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Subsections (B), (C) and (D) of Rule 37(b)(2), M.R.Civ.P., list sanctions which may be imposed by order on a party's failure to comply with discovery rules. The possible sanctions include dismissal of the action or proceeding. Rule 37(b)(2)(C), M.R.Civ.P. Our standard of review of an order imposing sanctions is whether the district court abused its discretion. *McKenzie v. Scheeler* (1997), 285 Mont. 500, 506, 949 P.2d 1168, 1172 (citation omitted).

¶6    Citing *Smith v. Butte-Silver Bow County* (1996), 276 Mont. 329, 916 P.2d 91, in which this Court reversed a sanction of dismissal as too severe, Pluid argues the District Court abused its discretion in imposing the sanction of dismissal in this case. In *Smith*, the district court dismissed the complaint as a result of the plaintiff's failure to provide specific discovery responses to requests for information on the subjects of proposed testimony by its expert witnesses. We reasoned dismissal of the action bore little relationship to the nature and extent of the discovery abuse and the resulting prejudice, and was a marked and significant departure from the specific consequences of which the court had warned–that it

3

might order depositions reopened. *Smith*, 276 Mont. at 339-40, 916 P.2d at 97. Those reasons for reversing the sanction are not present in this case. The nature and extent of Pluid's failings far exceeded the failure to provide specific discovery responses in *Smith,* and Pluid was forewarned that a sanction of dismissal was being pursued.

¶7 Pluid points out that in a petition for judicial review such as this one, the court's review is confined to the administrative record. He asserts that, as a result, any additional briefing or argument he would have submitted to the court would be equivalent only to a closing argument and for purposes of persuasion. He maintains dismissal is too steep a penalty for his failure to file additional briefing.

¶8 In so arguing, Pluid woefully minimizes his failings. The District Court was faced with a situation in which Pluid not only failed to obey its scheduling order regarding the filing of an amended pleading and briefing, but followed that with his failure to respond to a written notice of noncompliance with the scheduling order and the opposing party's intent to move for dismissal as a sanction. Thereafter, Pluid failed to respond to the motion to dismiss. Finally, neither he nor his counsel attended the status conference set in the original scheduling order. In short, Pluid exhibited a pattern of disregard for the very judicial process he had initiated.

¶9 Additionally, because this was a petition for judicial review, a number of sanctions ordinarily available under Rule 37(b)(2)(B), (C), and (D), M.R.Civ.P., were not available.

For example, exclusion of evidence or the disallowance of certain defenses would be without effect in an action such as this one based solely on the administrative record.

¶10    We addressed and rejected arguments similar to Pluid's--that a sanction of dismissal was too severe--in *McKenzie*. McKenzie had failed to respond adequately to requests for production, failed to meet deadlines for service of expert witness disclosure statements, failed to arrange for a settlement conference and failed to submit a proposed pretrial order. *McKenzie*, 285 Mont. at 504, 949 P.2d at 1170. He argued on appeal that, because he had produced at least some of the discovery requested and there was no proof of prejudice to the opposing party from his failure to comply with discovery procedures, dismissal was too severe a sanction. In affirming the dismissal, we noted that while the extent of discovery abuse and prejudice to an opposing party are both factors to be considered in determining an appropriate sanction, a party's disregard of the court's orders and authority is also a factor. *McKenzie*, 285 Mont. at 516, 949 P.2d 1177-78.

¶11    Pluid has continuously failed to participate in the judicial review proceedings he initiated. In view of his continuing lack of responsiveness toward the judicial process and the consequent inherent prejudice to CSED, we hold the District Court did not abuse its discretion in imposing the sanction of dismissal in this action.

¶12    Affirmed.

_____
Chief Justice

5

We concur:

_____
Patricia Cotter

_____

_____

_____
W. William Leaphart
              Justices