FILED

01/02/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0221

DA 17-0221

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 3N

KARRIE LYNN SERRANIA,

        Plaintiff and Appellant,

    v.

LPH, INC, dba NORTHWEST COLLECTORS,
a Montana corporation,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DV 12-781
                   Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Terry Wallace, Attorney at Law, Missoula, Montana

        For Appellee:

                David J. Steele, II, Attorney at Law, Missoula, Montana

                              Submitted on Briefs:  December 6, 2017

                                      Decided:  January 2, 2018

Filed:

                                      Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Terry Wallace, counsel for Karrie Serrania,[1] appeals from the Fourth Judicial District Court, Missoula County, order re-imposing sanctions against him in the amount of $30,847.68 under M. R. Civ. P. 11 and 37, and § 37-61-421, MCA. We affirm.

¶3 In July 2012, Serrania sued her dental provider, not a party to this appeal, and LPH, Inc., the dental provider's debt collection agency, alleging among other claims that they violated the Fair Debt Collection Practices Act ("FDCPA"). In January 2014, the District Court granted summary judgment to the dental group and LPH, and imposed sanctions on Serrania and Wallace. We affirmed the District Court's grant of summary judgment to the dental group and LPH. *Serrania*, ¶ 29. We also held the District Court did not abuse its discretion by sanctioning Wallace $10,000 for "his blatant lack of candor and his disrespectful conduct toward the Court and the legal process and his egregious abuses of the legal rights of the Defendants." *Serrania*, ¶¶ 34, 36. Because we concluded that

---

[1] Serrania filed for bankruptcy and no longer has an interest in the sanctions orders, having discharged the District Court's sanctions. Nevertheless, Wallace has standing to appeal the sanctions orders entered against him because a non-party, such as an attorney, may appeal a sanctions order entered directly against that non-party. *Serrania v. LPH, Inc.*, 2015 MT 113, ¶ 17, 379 Mont. 17, 347 P.3d 1237.

Serrania's FDCPA claim had some grounding in law and was not entirely frivolous, however, we vacated the order that Serrania and Wallace jointly pay $24,797.24 to the dental group and $41,113.32 to LPH for filing a frivolous lawsuit and remanded for the District Court for reconsideration of that order. *Serrania*, ¶¶ 37–38.

¶4 On remand, the District Court granted Wallace's December 21, 2015 request for a hearing, and held a show cause hearing on January 13, 2016. The District Court declined Wallace's February 17, 2016 request for an additional hearing, determining that the briefing, evidence, and testimony already in the record provided sufficient bases for a ruling. In light of our determination that the FDCPA claim was not entirely frivolous, the District Court ordered LPH's counsel to amend its fees statement to remove any work done primarily on the FDCPA claim. On January 18, 2017, the District Court issued an amended sanctions order. Despite the fact that we had affirmed the District Court's $10,000 sanction it had originally ordered Wallace to pay directly to the District Court, the District Court withdrew that sanction. The District Court ordered Wallace to pay LPH $30,847.68 for fees unrelated to the FDCPA claim.

¶5 This Court reviews a district court order imposing sanctions to determine whether the district court abused its discretion, and we will defer to the district court decision unless it acted arbitrarily and without employing conscientious judgment, or exceeded the bounds of reason. *Spotted Horse v. BNSF Ry. Co.*, 2015 MT 148, ¶ 15, 379 Mont. 314, 350 P.3d 52.

¶6 The narrow issue now before us is whether the District Court abused its discretion in entering its revised sanctions order. It did not. The District Court followed our instructions on remand, and amended the sanctions against Wallace accordingly by

3

excising LPH's attorney fees that were attributed primarily to the FDCPA claim. Wallace raises various due process and notice arguments on appeal that we previously considered and rejected in *Serrania*, ¶¶ 30–37. The District Court did not abuse its discretion by ordering Wallace to pay $30,847.68 to LPH as sanctions under M. R. Civ. P. 11 and 37, and § 37-61-421, MCA. *Serrania*, ¶ 36 (citing *McKenzie v. Scheeler*, 285 Mont. 500, 506, 949 P.2d 1168, 1172 (1997)).

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's order was not an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE