No. DA 06-0058

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 46

SUSAN LINN,

       Plaintiff and Appellant,

  v.

STUART WHITAKER and
ARGUS SERVICES, INC.,

       Defendant and Respondent.

APPEAL FROM:    The District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause DV 03-263,
                Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Torrance L. Coburn, Tipp & Buley, Missoula, Montana

       For Respondent:

           Patrick M. Sullivan, Poore, Roth & Robinson, P.C., Butte, Montana

Submitted on Briefs:  October 25, 2006

Decided:   February 21, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Susan Linn (Linn) appeals the decision of the Fourth Judicial District Court, Missoula County, dismissing her complaint with prejudice as a sanction for discovery abuses. We affirm.

¶2 We consider the following issue on appeal:

¶3 Did the District Court abuse its discretion when it dismissed Linn's complaint with prejudice as a sanction for discovery abuses?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On March 28, 2003, Linn filed an action against Stuart Whitaker (Whitaker) and Argus Services, Inc. (collectively, "Argus"), seeking damages for personal injuries allegedly sustained in a pedestrian accident in Missoula County. On April 20, 2001, Linn was walking across Front Street in a crosswalk upon a green light when Whitaker drove into her. Linn alleged injuries to her back, hip, shoulder, neck and head, and claimed general and special damages. Linn named Whitaker's employer, Argus Services, Inc., for whom Whitaker was engaged at the time of the accident.

¶5 On May 29, 2003, Argus served its first set of interrogatories and requests for production. Linn failed to answer these discovery requests within thirty days as required by M. R. Civ. P. 33 and 34, and on October 29, 2003, Argus filed a motion to compel. Linn filed a notice of service of discovery on her first set of responses on November 25, 2003, six months after she was served with the requests.

2

¶6     In the requests, Argus sought information on Linn's medical conditions, including physicians with whom she had treated and information regarding her previous accidents, including insurers. Linn's answers were, at best, incomplete, indicating only that "[t]o the best of [her] memory" she had been insured with Blue Shield for the past ten years, and she had not sustained any injuries to the same area of her body as injured in the present accident. She stated that she had been involved in previous accidents, but could not recall the names of any insurers with whom she had dealt. Linn indicated that she would supplement her answers, but she failed to do so before her deposition on August 16, 2004—approximately ten months after she submitted her answers. At the deposition, Linn provided little information and vague answers about prior medical care she had received, stating that she had previously been treated by a chiropractor, but that she was unable to recall the chiropractor's name. She offered that she would drive by the chiropractor's office to obtain the name and provide it to defense counsel, but she failed to do this or provide other information concerning her prior medical history.

¶7     When further information was not forthcoming from Linn, Argus obtained an Insurance Service Office (ISO) claims search summary from its own liability insurer that identified a number of insurance claims previously filed by Linn. The claims summary indicated that Linn had previously been involved in accidents in which she had sustained injuries to her neck and back on November 19, 1998, November 20, 1998, July of 2000, and December of 2000.

3

¶8 On February 9, 2005, Argus filed a second motion to compel, requesting that the court order production of information and documents relating to Linn's prior medical and claims history and attaching the ISO claims summary obtained from Argus's insurer. Argus also requested sanctions. In response, Linn offered that she could not remember her prior injuries and treatment, and attached a report of a neuropsychological evaluation performed in 2002 which indicated that Linn had certain memory deficits. However, Linn also referenced the ISO claims summary Argus had provided and indicated that "[n]ow that Plaintiff has the information which [was] kept by the Defendant's insurance company Plaintiff will endeavor to obtain the information requested by Defendant."

¶9 On May 2, 2005, the District Court issued an order which recognized Linn's difficulties in recalling specific information and acknowledged that this impairment could make discovery a more laborious process. Although noting that "[i]t does not appear that Plaintiff is willfully disrupting the discovery process," the District Court nonetheless concluded that a "deadline must be established for Plaintiff to respond to long-standing discovery requests." Noting that "Defendants have made Plaintiff's task easier by virtue of the claim search it initiated," the court established a June 30, 2005, deadline for Linn to answer outstanding discovery.

¶10 In spite of the court's order, Linn produced no more information or documents. On August 12, 2005, forty-three days after the expiration of the court's deadline for producing the requested information, Argus filed a motion to dismiss pursuant to M. R. Civ. P. 37 on the grounds that Linn had failed to comply with the court's order, the

4

resulting delay had prejudiced the Defendants, and that dismissal of Linn's complaint was an appropriate sanction. In response, Linn contended that she had done everything within her powers to answer the discovery request issued by Argus, including contacting her former insurance companies to obtain requested information.

¶11 In its order of October 4, 2005, the court noted that Linn had not provided any documentation from her insurance companies demonstrating her attempts to obtain information, and that she did not demonstrate any effort had been made to contact her prior attorney or chiropractor in order to substantiate or compliment the claim information previously provided by Argus. As a result, the court gave Linn until October 14, 2005, to supplement the record with evidence of her attempts to comply with the court's previous order. The order further stated that "[i]f the information is not provided, or indicates less than a good faith effort to comply with the Order, this matter will be dismissed with prejudice." Linn did not supplement the record as directed by the court or otherwise respond to the court's order.

¶12 On November 1, 2005, the court ordered Linn's complaint dismissed with prejudice, on the grounds that Linn had failed to comply with the court's previous orders concerning discovery requested by Argus. Linn appeals.

**STANDARD OF REVIEW**

¶13 "We review a trial court's imposition of sanctions for abuse of discretion." *Vermeer of Washington, Inc. v. Jones*, 2004 MT 77, ¶ 7, 320 Mont. 435, ¶ 7, 87 P.3d 516, ¶ 7 (citations omitted). "We consider whether 'the trial court in the exercise of its

5

discretion act[ed] arbitrarily without the employment of conscientious judgment or exceed[ed] the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice.'" *Culbertson Health Care Corp. v. Stevens*, 2005 MT 254, ¶ 10, 329 Mont. 38, ¶ 10, 122 P.3d 431, ¶ 10 (quoting *Schuff v. A.T. Klemens & Son,* 2000 MT 357, ¶ 27, 303 Mont. 274, ¶ 27, 16 P.3d 1002, ¶ 27) (citation omitted). "'[T]he trial judge is in the best position to know . . . which parties callously disregard the rights of their opponents and other litigants seeking their day in court. The trial judge is also in the best position to determine which sanction is the most appropriate.'" *Xu v. McLaughlin Research Institute,* 2005 MT 209, ¶ 17, 328 Mont. 232, ¶ 17, 119 P.3d 100, ¶ 17 (quoting *Smart v. Molinario,* 2004 MT 21, ¶ 8, 319 Mont. 335, ¶ 8, 83 P.3d 1284, ¶ 8) (citations omitted).

## DISCUSSION

¶14  ***Did the District Court abuse its discretion when it dismissed Linn's complaint with prejudice as a sanction for discovery abuses?***

¶15  "'The purpose of discovery is to promote the ascertainment of truth and the ultimate disposition of the lawsuit in accordance therewith.  Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation.'" *Richardson v. State*, 2006 MT 43, ¶ 22, 331 Mont. 231, ¶ 22, 130 P.3d 634, ¶ 22 (quoting *Massaro v. Dunham*, 184 Mont. 400, 405, 603 P.2d 249, 252 (1979)) (citation omitted).  A refusal to provide discovery essentially prevents the case from progressing and is the precise reason for the availability of court

6

imposed sanctions pursuant to M. R. Civ. P. 37. *McKenzie v. Scheeler*, 285 Mont. 500, 516, 949 P.2d 1168, 1177 (1997).

¶16 Linn initially contends that she committed no discovery abuse, insisting that she responded appropriately and as completely as possible to Argus's discovery requests. However, we conclude that the District Court correctly determined that Linn's responses to Argus's discovery requests were exceedingly untimely and incomplete. Despite repeated assurances to Argus that the requested information would be forthcoming, Linn failed to provide information regarding prior injuries, treatment, and contacts with insurance companies. We thus turn to the propriety of the District Court's dismissal of the action as a sanction for these abuses.

¶17 M. R. Civ. P. 37(b)(2) provides for sanctions for a party's failure to comply with a court order compelling discovery:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just and among others the following:
>
> . . . .
>
> (C) An order . . . dismissing the action . . . .

¶18 Linn argues that if sanctions were warranted in this case, a sanction lesser than dismissal with prejudice would have been appropriate, because she responded to Argus's discovery requests as completely as possible and to the best of her abilities. She notes that because the District Court recognized her mental limitations and concluded she was

7

not willfully disrupting the discovery process, her discovery failures were a less egregious offense.

¶19 Argus responds by noting our statement that this Court has "adopted [a] policy of intolerance regarding discovery abuse pursuant to our 'concern over crowded dockets and the need to maintain fair and efficient judicial administration of pending cases.'" *Richardson*, ¶ 57 (quoting *Delaware v. K-Decorators, Inc.*, 1999 MT 13, ¶ 87, 293 Mont. 97, ¶ 87, 973 P.2d 818, ¶ 87). As such, Argus notes that Linn failed to disclose her medical history even though that information was specifically requested, failed to identify the medical providers from whom she received treatment for her prior injuries, and even after Argus provided her a claims summary, failed to produce information pertaining to her claims history. Argus notes that, despite her claimed memory loss, Linn was able to recall and communicate effectively about various subjects during her deposition. She disregarded court orders, including the opportunity given her by the District Court in its order of October 4, 2005, to avoid dismissal by simply providing evidence of her attempt to comply with the court's directives. Thus, Argus insists that the District Court properly employed its broad discretion to manage discovery when the court dismissed Linn's complaint.

¶20 When reviewing discovery sanctions imposed pursuant to M. R. Civ. P. 37(b), we apply a three-part test:

> We consider whether the consequence inflicted via the sanction: (1) relates to the extent and nature of the actual discovery abuse; (2) relates to the extent of the prejudice to the opposing party which resulted from the discovery abuse; and (3) is consistent with the consequences expressly

8

warned of by the District Court, if a warning was actually issued. *Smith v. Butte-Silver Bow County* (1996), 276 Mont. 329, 339-40, 916 P.2d 91, 97.

*Culbertson*, ¶ 14. We also consider a party's disregard of the court's orders and authority. *McKenzie*, 285 Mont. at 516, 949 P.2d at 1178. We note that Linn has conceded that the District Court warned her that her complaint was subject to dismissal with prejudice if she failed to comply with its order. Therefore, analysis of the third factor is not necessary.

¶21 Addressing the first factor, Linn notes our statement in *Hobble-Diamond Cattle Co. v. Triangle Irr. Co.,* 272 Mont. 37, 42, 899 P.2d 531, 535 (1995), that "dismissals should be imposed sparingly and must remain the exception rather than the rule" and relies heavily on our decision in *Smith v. Butte-Silver Bow County*, 276 Mont. 329, 916 P.2d 91 (1996).

¶22 In *Smith*, we reversed a district court's dismissal of an action because it was too severe a sanction for the offending party's noncompliance with the rules and did not adequately relate to the extent and nature of the actual discovery abuse. *Smith*, 276 Mont. at 340, 916 P.2d at 97. We later described the plaintiff's failure to comply with the discovery in *Smith* as "totally insupportable[,]" yet "relatively limited" which "did not amount to total concealment." *Culbertson*, ¶ 16. Our decision in *Smith* relied on the fact that the offending party provided enough information about his proposed expert testimony that the prejudice he caused to the opposing party was relatively limited, and we noted that the district court had stated in a previous order that noncompliance would reopen the party's expert witness depositions, not lead to dismissal.

¶23　In contrast, we affirmed in *Culbertson* the trial court's entry of default judgment on liability against the defendant as a sanction for discovery abuse. *Culbertson,* ¶ 21. We noted that the defendant's unresponsiveness during discovery prevented the plaintiff from assessing the merits of the proffered defenses and building its case-in-chief, thereby forcing the plaintiff to incur mounting litigation costs while proceeding under a "cloud of uncertainty." *Culbertson,* ¶ 18. Likewise, in *Schuff*, we affirmed the court's entry of a default judgment on liability against the defendant as a sanction for discovery abuses, reasoning that the defendant's inadequate responses prohibited the plaintiff from conducting meaningful follow-up discovery. *Schuff,* ¶ 78.

¶24　Similar to the defendants in *Schuff* and *Culbertson*, Linn has continuously failed to fully respond to Argus's discovery requests and has ignored the court orders which gave her opportunities to do so. The District Court compensated for Linn's asserted memory loss, giving her additional time and noting the assistance provided by the ISO claim search from Argus's insurer. Despite this, Linn still failed to produce the requested information, or to document her efforts to request the information. By the time the District Court dismissed Linn's complaint, two years and five months had elapsed since Argus had requested the information. Linn's discovery failures cannot be regarded as insignificant, and the District Court's sanction properly related to the extent and nature of her actions.

¶25　Secondly, the District Court's dismissal of Linn's complaint must relate to the extent of the prejudice suffered by Argus, an issue addressed in part by the above

10

discussion. Linn asserts that Argus demonstrated that it had some access to the information it was seeking and therefore suffered only minimal prejudice. She argues that requiring her to reimburse Argus for expenses incurred in obtaining the requested information would have been a more appropriate sanction.

¶26 In *Schuff,* we affirmed the district court's imposition of a default judgment against the defendant on the issue of liability, as a sanction for discovery abuses, because the defendant's inadequate discovery responses prohibited the plaintiff from conducting meaningful follow-up discovery. *Schuff,* ¶¶ 78, 82. Similarly, Linn's unresponsiveness prevented Argus from conducting meaningful discovery. Linn acknowledged during her deposition that she received pre-accident chiropractic treatment for her neck and back, but she never produced those medical records or the name of the chiropractor who treated her. Although Argus was aware from its claim search that Linn had previously claimed injuries, it needed to determine the extent of those injuries and whether the subject accident had aggravated an old injury or caused a new one. Without such information and medical evidence, Argus was prevented from assessing the validity of Linn's claim and developing a defense, thereby requiring it to proceed under a "cloud of uncertainty." *Culbertson*, ¶ 18. As we have noted, "the failure to comply with discovery procedures, in itself, is prejudicial to the other party." *Xu*, 328 Mont. at 238, 119 P.3d at 104-05 (citing *McKenzie*, 285 Mont. at 516, 949 P.2d at 1177). Moreover, "nothing in Rule 26, M.R.Civ.P., permits a party to decline to comply with the Rule and a court order requiring compliance therewith on the basis of that party's belief or opinion that the

11

opposing party already possesses the required information." *Smith,* 276 Mont. at 335, 916 P.2d at 94. Accordingly, we determine that the dismissal of Linn's complaint sufficiently related to the extent of the prejudice suffered by Argus.

¶27 Lastly, we consider whether a party has disregarded the court's orders and authority. *McKenzie,* 285 Mont. at 516-17, 949 P.2d at 1178. Here, the District Court was patient in the face of Linn's noncompliance and understanding of her purported difficulties. Yet, provided with ample opportunities to comply, Linn still failed to do so.

¶28 We conclude that the District Court did not abuse its discretion in dismissing Linn's complaint with prejudice.

¶29 Affirmed.


/S/ JIM RICE

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

12