DA 08-0078

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 38

DENNIS and LINDA MENHOLT,

       Petitioners and Appellants,

  v.

STATE OF MONTANA, DEPARTMENT OF REVENUE,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2007-669
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Peter T. Stanley, Attorney at Law, Billings, Montana

      For Appellee:

          Derek R. Bell, Special Assistant Attorney General, Montana Department
of Revenue, Helena, Montana

                Submitted on Briefs:  November 26, 2008

                           Decided:  February 18, 2009

Filed:

            _____

                      Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Dennis and Linda Menholt (the Menholts) appeal from the order of the District Court for the Thirteenth Judicial District, Yellowstone County, affirming the State Tax Appeal Board's (STAB) dismissal of their appeal.  We affirm.

## ISSUE

¶2     We consider the following issue on appeal:   Did the District Court abuse its discretion when it affirmed STAB's decision to dismiss with prejudice the Menholts' appeal, pursuant to M. R. Civ. P. 37(d)?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     The matter before us arose from an assessment by the Montana Department of Revenue (DOR) of additional tax, interest and penalty on the Menholts for the tax years ending December 31, 1995, through December 31, 1998.  In August 2004, the Menholts contested the assessment and were referred to the DOR's Office of Dispute Resolution. The hearing examiner at the Office of Dispute Resolution requested, but did not receive, a number of documents from the Menholts' counsel pertaining to the tax years in question.  The DOR then moved to vacate the hearing until it received the requested documents.   The hearing examiner vacated the hearing and continued the case indefinitely, pending the receipt of the materials.  In January 2006, nearly fifteen months after the initial request and after two additional requests by the DOR, the hearing examiner sent a letter to the Menholts' counsel again requesting the materials, to which the hearing examiner received no response.  The DOR filed a motion to dismiss in July 2006.  The Menholts again did not respond, and in August 2006 the hearing examiner

2

dismissed the matter pursuant to M. R. Civ. P. 41(b), stating the Menholts "failed to prosecute their claim in a timely manner, as amply demonstrated by the hearing file" and as of the date of the order, "no answer [had] been received from the Taxpayers."

¶4 The Menholts immediately appealed the hearing examiner's dismissal of the matter to STAB. In February 2007, after an initial scheduling conference via telephone with both attorneys, the DOR sent a letter proposing a discovery schedule and also sent its "First Combined Discovery Requests" to the Menholts' counsel. The DOR did not receive a response from the Menholts' counsel and did not receive the requested documents. Accordingly, the DOR filed a motion to dismiss pursuant to M. R. Civ. P. 37(d). Thereafter, STAB granted the DOR's motion to dismiss "[b]ased on the overwhelming evidence of a failure by counsel to prosecute this case on behalf of the taxpayer . . . ."

¶5 The Menholts subsequently petitioned the District Court for judicial review of STAB's dismissal order. In December 2007, the District Court affirmed STAB's decision stating that the record "provided STAB with sufficient evidence to support its Order dismissing Petitioners' appeal based upon Petitioners' complete failure to provide Respondent with the requested documents and answers to interrogatories." The Menholts now appeal the District Court's order affirming STAB's dismissal of their appeal.

**STANDARD OF REVIEW**

¶6 We review a trial court's imposition of sanctions under M. R. Civ. P. 37(d) for an abuse of discretion. *Neal v. Nelson*, 2008 MT 426, ¶ 16, 347 Mont. 431, 198 P.3d 819. We consider whether the trial court, in the exercise of its discretion, acted arbitrarily

3

without the employment of conscientious judgment or exceeded the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice. *Linn v. Whitaker*, 2007 MT 46, ¶ 13, 336 Mont. 131, 152 P.3d 1282 (citation and internal quotation omitted). Furthermore, we will afford great deference to a district court's imposition of sanctions because "the trial judge is in the best position to know…which parties callously disregard the rights of their opponents and other litigants seeking their day in court." *Xu v. McLaughlin Research Institute for Biomedical Science, Inc.*, 2005 MT 209, ¶ 17, 119 P.3d 100, 328 Mont. 232 (quoting *Smart v. Molinario*, 2004 MT 21, ¶ 8, 319 Mont. 335, 83 P.3d 1284). The trial judge is also in the best position to determine which sanction is the most appropriate. *Xu*, ¶ 17.

## DISCUSSION

¶7 ***Did the District Court abuse its discretion when it affirmed STAB's decision to dismiss with prejudice the Menholts' appeal, pursuant to M. R. Civ. P. 37(d)?[1]***

¶8 The argument we have discerned from the page and a half that comprised the substantive part of the Menholts' brief is an assertion that STAB violated § 15-2-201, MCA, and Admin. R. M. 2.51.201 by dismissing the Menholts' appeal without first conducting a hearing. Other than the mention of these two Rules, counsel for the Menholts fails to cite to any relevant authority to support this contention or to provide any analysis applying the rules to the facts at hand. The Menholts' counsel also fails to

---

[1] The DOR has adopted model procedural rules. These are found in Title 1, chapter 3 of the Administrative Rules of Montana. Admin. R. M. 42.2.101. Admin. R. M. 1.3.217(1) provides that in all contested cases [with certain exceptions, not at issue here] discovery is available to the parties in accordance with M. R. Civ. P. 26 through 37.

4

address the application of the rules of discovery or the facts surrounding the dismissal of the appeal under M. R. Civ. P. 37(d).

¶9 Conversely, DOR argues the District Court did not abuse its discretion by imposing discovery sanctions pursuant to M. R. Civ. P. 37(d), and the court properly dismissed the Menholts' appeal because the Menholts never responded to DOR's discovery requests. Furthermore, DOR argues that, in dismissing the Menholts' appeal, "STAB exercised sound, conscientious judgment given the undisputed facts . . . which showed that ever since [the] Menholt[s] filed [their] appeal with [the Office of Dispute Resolution] in 2004, [the] Menholt[s] refused to support [their] position that the Department's assessment was either inaccurate or untimely, and wholly ignored formal discovery requests made by the Department." DOR concludes that "[b]ecause [the] Menholt[s] never responded to the Department's First Combined Discovery Requests, STAB properly dismissed [the] Menholt[s'] appeal pursuant to Rule 37(d) . . . ."

¶10 "The purpose of discovery is to promote the ascertainment of truth and the ultimate disposition of the lawsuit in accordance therewith." *Richardson v. State*, 2006 MT 43, ¶ 22, 331 Mont. 231, 130 P.3d 634 (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392 (1947)). "Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation." *Richardson*, ¶ 22.

¶11 Since 1981, we have consistently held that discovery abuses will not be dealt with leniently. *Xu*, ¶ 20 (citing *Owen v. F.A. Buttrey*, 192 Mont. 274, 627 P.2d 1233 (1981)). As our jurisprudence indicates, this Court has a "low tolerance attitude toward discovery

5

abuses." *Xu*, ¶ 20. Accordingly, we have "repeatedly affirmed the imposition of sanctions, including dismissal with prejudice, by various district courts for discovery rule violations." *Xu*, ¶ 20.

¶12 The Montana Rules of Civil Procedure provide an appropriate remedy for discovery rule violations, including giving district courts the discretion to dismiss a litigant's action when the rules of discovery are violated. M. R. Civ. P. 37(d) states in pertinent part:

> [i]f a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Those authorized actions include "dismissing the action or proceeding or any part thereof . . . ." M. R. Civ. P. 37(b)(2)(C).

¶13 It is clear from the record before this Court that the Menholts' counsel has blatantly ignored and failed to respond, either appropriately or at all, to repeated requests by the DOR for the production of information relevant to the Menholts' case. At each level of this action, counsel was asked to provide documents and either provided assurances that he would provide the documents and did not do so, or completely ignored the requests. As discussed above, this Court has a low level of tolerance for discovery abuses. We also give wide deference to the trial judge's discretion in sanctioning attorneys for discovery abuses because "the trial judge is also in the best position to determine which sanction is the most appropriate." *Xu*, ¶ 17.

¶14 The District Court based its affirmation of STAB's dismissal of the Menholts' appeal on the record before it, which the District Court determined "provided STAB with sufficient evidence to support its Order dismissing Petitioners' appeal based upon Petitioners' complete failure to provide Respondent with the requested documents and answers to interrogatories." Counsel for the Menholts had numerous opportunities to comply with the rules of discovery throughout the various stages of this action. However, over the span of more than three years, counsel repeatedly failed to respond to discovery requests, even after assuring opposing counsel that he would do so. Most recently, counsel failed to respond to the DOR's "First Combined Discovery Requests." As stated in the plain language of M. R. Civ. P. 37(d), if a party fails to serve answers or objections to interrogatories or a written response to a request for inspection of documents, the court may dismiss the action. It was clearly within the District Court's discretion to affirm STAB's dismissal of the Menholts' appeal. Furthermore, this type of non-compliance with discovery procedures prejudices the opposing party by withholding information necessary to move forward and prosecute the case. It is precisely this type of behavior the rules of discovery are designed to prevent.

¶15 We also point out that the Menholts' brief is wholly inadequate. Not only does Menholts' counsel fail to present any relevant authority, the brief is devoid of any analysis of the issues, and nowhere does counsel address his non-compliance with the rules of discovery. Rather, he makes an unsupported assertion that STAB erred in dismissing the appeal without granting the Menholts a hearing. The Montana Rules of Appellate Procedure clearly state the argument portion of a brief presented to this Court

7

"shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefore, with citations to the authorities, statutes, and pages of the record relied on . . . ." M. R. App. P. 12. This Court has repeatedly held that we will not consider unsupported issues or arguments and we are under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *In re Marriage of McMahon*, 2002 MT 198, ¶ 6, 311 Mont. 175, 53 P.3d 1266. Accordingly, we decline to address further the Menholts' contentions.

**CONCLUSION**

¶16    The Menholts fail to demonstrate on appeal that the District Court abused its discretion by affirming STAB's dismissal of their appeal under M. R. Civ. P. 37(d). Thus, we hold the District Court's action affirming STAB's dismissal of the Menholts' appeal was well within the court's discretion.

¶17    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE