DA 09-0069

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 400

IN RE THE MARRIAGE OF
JILL M. LUNDSTROM,

        Petitioner and Appellant,

   and

DIETER SCHOLZ,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                     In and For the County of Sanders, Cause No. DR 06-25
                     Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Michael G. Alterowitz, Alterowitz Law Offices, Missoula, Montana

        For Appellee:

            Lance Jasper and Katie Olson; Jasper, Smith, Olson, P.C.; Missoula, Montana

                               Submitted on Briefs:  August 26, 2009

                                    Decided:  November 24, 2009

Filed:

                 _____
                              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    The Twentieth Judicial District Court, Sanders County, entered a decree dissolving the marriage of Jill Lundstrom and Dieter Scholz and distributing their marital estate. Lundstrom appeals from the distribution of the marital estate.

¶2    The issue presented is whether the District Court erred in distributing the marital estate as a sanction for discovery abuse, without making findings of fact and conclusions of law considering the requirements of § 40-4-202, MCA.

¶3    Jill Lundstrom and Dieter Scholz were married in September 2004. Lundstrom petitioned for dissolution of the marriage in March 2006. In September 2006, the District Court entered a Pretrial Order which required each of the parties to file a list of the property comprising the marital estate together with the claimed value of that property and a proposed distribution no later than November 24, 2006. This case then commenced an odyssey of proceedings in the justice and district courts, seeking and resisting petitions for protective orders; seeking sanctions for violations of those orders; petitioning for contempt; appealing to this Court (*In re Marriage of Lundstrom v. Scholz*, 2007 MT 304, 340 Mont. 83, 172 P.3d 588); substituting counsel for both parties; and substituting the district judge. Finally, in May 2008, the District Court held a hearing to determine why neither party responded to its Pretrial Order. At the hearing, Lundstrom's counsel moved to again postpone the filing of the required lists. After considering the matter, the District Court gave the parties until July 22, 2008, to respond to its Pretrial Order and scheduled a hearing for that date.

¶4 At the hearing in July, neither Lundstrom nor her counsel was present. Scholz's counsel informed the court he could not respond as required by the Pretrial Order because, even though he made several requests directly to Lundstrom's counsel, she had not answered his discovery requests. The District Court then ordered all discovery to be completed by December 2008.

¶5 Three weeks later, Scholz again made discovery requests. Again, Lundstrom did not respond. Scholz's counsel notified Lundstrom's counsel she had missed the deadline to respond to discovery, and advised that if she did not do so in two weeks he would file a motion to compel. Lundstrom's counsel did not respond and, as promised, Scholz's counsel filed a motion to compel pursuant to M. R. Civ. P. 37(b)(2) and 16(f).

¶6 The District Court granted additional time for Lundstrom to respond to the motion to compel. She did not respond by the extended deadline. The District Court then granted Scholz's motion to compel and ordered Lundstrom to respond by November 7, 2008. She again failed to respond. On November 13, Scholz moved for sanctions against Lundstrom for her failure to respond to his discovery requests and the District Court's orders. Lundstrom did not respond to the motion for sanctions.

¶7 On November 20, 2008, Scholz filed his proposed list of property comprising the marital estate, his proposed valuation of the property, and his proposed distribution of the property. He filed a supplemented list on November 26, 2008.

¶8 On December 12, 2008, the District Court granted Scholz's motion for sanctions. The sanctions provided, *inter alia,* that default judgment was entered in favor of Scholz and that

3

the property of the parties would be divided and distributed as proposed by him. A hearing to dissolve the marriage was scheduled for December 23, 2008.

¶9 On December 19, 2008, Lundstrom moved to allow her counsel to withdraw and the court granted that motion on December 22. Lundstrom also filed a *pro se* motion to set aside the default judgment. She attached a statement that her counsel had not informed her of the pending orders and motions leading to the default judgment. Lundstrom essentially claimed her attorney had not communicated with her about the progression of her case and "abandoned" her. She further alleged that Scholz had misrepresented his ownership interest in real property and business ventures which were a part of the marital estate.

¶10 Lundstrom appeared *pro se* at the December 23 dissolution hearing and moved to continue the hearing to allow time for her to retain new counsel. The District Court granted her motion to continue and the following exchange appears in the record:

COURT: Be sure, when you're talking to your [new] attorney, that he or she recognizes you've got to do something by the 13th of January, including filing an appearance and communicating with [Scholz]'s attorney. Do you understand that?

LUNDSTROM: Yes, sir.

COURT: . . . You've got to do something by January 13th. Do you understand that?

LUNDSTROM: Yes, sir, I do.

COURT: You're getting extra time because you had an attorney that blew it.

. . . .

COURT: You've got to get [an attorney] and have that person get

4

their appearance filed. They've got to file something showing a notice of substitution of attorney. They've got to file an appearance on your behalf. And you better tell them that their nose will be held to the grindstone because there has already been two years worth of delays. No further delays will be tolerated. You've got to get somebody who is willing to grab a hold of this file and get with it, get things done.

LUNDSTROM: So my newest attorney has to file an appearance on my behalf before January 13th?

COURT: Yes.

LUNDSTROM: And?

COURT: Communicate with [Scholz]'s lawyer. . . . It will be on an accelerated schedule, as far as your new lawyer is concerned, because the other side has been delayed for two years and no further delays will be tolerated. Do you understand that?

LUNDSTROM: Yes, sir.

¶11 At the hearing on January 13, 2009, Lundstrom appeared without counsel and Scholz appeared with counsel. The District Court stated that although the clerk of court had received a "faxed" copy of a letter from the lawyer that now represents Lundstrom, the letter was unsigned and not filed, thus no counsel had filed an appearance for Lundstrom as ordered on December 23, 2008. Scholz testified that the marriage was irretrievably broken and he wished the marital estate distributed as set forth in his counsel's proposed findings of fact and conclusions of law. Scholz did not testify that his proposed distribution of the marital estate was equitable. Lundstrom, after asserting that her present counsel had agreed to represent her, declined the District Court's invitation to cross-examine Scholz.

5

¶12 The District Court denied Lundstrom's motion to set aside her default, found that the marriage was irretrievably broken, and adopted Scholz's proposed findings of fact, conclusions of law and decree distributing the marital estate. The District Court took no evidence on whether the distribution of the marital estate as proposed by Scholz was equitable and made no finding that the distribution of the marital estate was equitable.

¶13 In the afternoon of January 13, 2009, the day the District Court entered its decree, counsel for Lundstrom filed by telefax transmission an appearance and a motion to alter or amend the judgment. Hard copies of these documents were filed on January 15, 2009. The motion to alter or amend the judgment set off another round of pleadings and responses. However, Lundstrom withdrew the motion before the District Court had a chance to rule on it. Lundstrom instead chose to file a notice of appeal and a request for a stay of the judgment. The parties briefed the motion and the District Court granted the stay pending appeal.

¶14 Lundstrom appeals the District Court's distribution of the marital estate as inequitable, asserting its findings were clearly erroneous and it did not adhere to the requirements of § 40-4-202, MCA. Lundstrom contends the District Court erred in adopting Scholz's proposed property distribution verbatim as a sanction for her violations of the court's orders.

¶15 This Court reviews a district court's imposition of sanctions for an abuse of discretion. *Stevenson v. Felco Industries, Inc.*, 2009 MT 299, ¶ 17, 352 Mont. 303, 216 P.3d 763 (imposing sanctions for failure to comply with scheduling order under M. R. Civ. P. 16);

6

*Menholt v. State, Dept. of Revenue*, 2009 MT 38, ¶ 6, 349 Mont. 239, 203 P.3d 792 (imposing sanctions for discovery violations under M. R. Civ. P. 37(d)).

¶16 M. R. Civ. P. 37(b)(2) allows the court to impose sanctions for failure to comply with an order to compel discovery responses. M. R. Civ. P. 16(f) allows the imposition of sanctions for a failure to follow a scheduling order. This Court generally affords a district court deference in the imposition of sanctions because the trial judge is in the best position to know if a party callously disregards the rights of their opponents and other litigants seeking their day in court. *Menholt*, ¶ 6 (citing *Xu v. McLaughlin Research Inst. for Biomedical Sci., Inc.*, 2005 MT 209, ¶ 17, 328 Mont. 232, 119 P.3d 100). The trial judge is also in the best position to determine what sanction is appropriate. *Xu*, ¶ 17. We have held under somewhat similar circumstances that a default judgment may be an appropriate sanction for a party's refusal to comply with discovery. *In re Marriage of Massey*, 225 Mont. 394, 398, 732 P.2d 1341, 1344 (1987) (followed in *Xu*, ¶ 20).

¶17 Lundstrom failed to adhere to both the Scheduling Order and the Order to Compel. When the District Court generously gave Lundstrom an additional three weeks to retain counsel, it warned her twice it would not tolerate any further delays. Again, Lundstrom failed to retain counsel and instead asked for yet another delay. The District Court did not abuse its discretion in imposing sanctions on Lundstrom.

¶18 Nonetheless, the imposition of sanctions does not negate the requirement of M. R. Civ. P. 52(a) to enter specific findings of fact justifying the distribution of a marital estate. Nor does the imposition of sanctions relieve a district court of its obligation to comply with

the requirements of § 40-4-202, MCA, to equitably apportion between the parties the property and assets belonging to either or both and to consider several factors in distributing a marital estate equitably. A district court must make findings of fact and enter conclusions of law which reflect why it distributed a marital estate in a certain manner and these findings must not be clearly erroneous. *See In re Marriage of Swanner-Renner*, 2009 MT 186, ¶ 36, 351 Mont. 62, 209 P.3d 238.

¶19 On its face, the property distribution in this case appears to be inequitable. By way of example: a home on Rock Creek Road worth $340,000 was distributed to Scholz while Lundstrom was ordered to pay a debt of $260,000 secured by a mortgage on the home; Scholz was distributed a tract of land with a value of $565,000 while Lundstrom was ordered to pay a debt of $90,000 attached to such property; and, Scholz was distributed an ice business worth $397,503 while Lundstrom was ordered to pay $90,000 debt associated with the business. While it is within the realm of possibility that it is equitable for Scholz to receive the properties and Lundstrom be required to pay the debts associated with them, nothing in the record supports such a distribution.

¶20 The imposition of sanctions against Lundstrom appears justified. However, we conclude that the District Court's findings of fact underlying the distribution of the marital estate are clearly erroneous because they are not based on substantial evidence in the record.

¶21 The judgment of the District Court is reversed. This matter is remanded for reconsideration of appropriate sanctions and an equitable distribution of the marital estate consistent with the requirements of § 40-4-202, MCA.

/S/ JOHN WARNER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS