DA 12-0501

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2013 MT 170N

BRITT T. LONG,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA, MONTANA
DEPARTMENT OF NATURAL RESOURCES,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2009-107
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Britt T. Long, Pro Se, Lewistown, Montana

      For Appellee:

      John F. Sullivan, Kate McGrath Ellis; Hughes, Kellner, Sullivan & Alke,
PLLP, Helena, Montana

Submitted on Briefs:   May 8, 2013
Decided:   June 26, 2013

Filed:

_____
Clerk

District Court Judge John W. Larson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    This is an appeal from an Order dismissing a case with prejudice, and assessing costs and attorney's fees against a plaintiff who failed to attend her own court-ordered deposition.

¶3    Plaintiff/Appellant Britt T. Long (Ms. Long), a licensed Montana attorney, brought this case against her former employer, the Defendant/Appellee State of Montana, Montana Department of Natural Resources (DNRC), for alleged violations of the Wrongful Discharge Act and the Family Medical Leave Act. The case was filed February 10, 2009.

¶4    Ms. Long's deposition was first scheduled for October 28, 2011, upon agreement of counsel for Ms. Long and DNRC. Ms. Long's attorney withdrew by motion submitted September 26, 2011, and ordered September 28, 2011. Following the order permitting withdrawal, an Amended Notice of Deposition was sent by DNRC's counsel to Ms. Long. The Amended Notice changed only the place of the deposition from her former attorney's office to the court reporter's office. The date and time remained as earlier agreed upon.

¶5    Ms. Long cancelled the October 28, 2011, deposition by faxing a cancellation letter to DNRC's counsel on October 25, 2011. On the next day DNRC sent a Second Amended Notice of Deposition rescheduling Ms. Long's deposition to November 8, 2011. This

Second Amended Notice was personally served on Ms. Long. On October 27, 2011, DNRC's counsel sent a letter with contact information to Ms. Long. On November 7, 2011, the day before the rescheduled deposition, Ms. Long sent an e-mail detailing her cancellation of the November 8 deposition because of the length of the deposition and a funeral she had to attend. On the same day, Ms. Long faxed a Motion and Brief to Stay Proceedings, but did not file the originals with the Clerk of Court. In response to the Motion and Brief to Stay Proceedings, DNRC moved for the District Court to order Ms. Long's deposition the week of December 12, 2011.

¶6 The District Court then ordered Ms. Long to attend her deposition over a period of three days: 2.5 hours on December 14, 2011; 2.5 hours on December 15, 2011, and 2 hours on December 16, 2011. The court's order also indicated that the Motion to Stay had been denied.

¶7 Ms. Long did not respond to the request by DNRC or the court order. Ms. Long also failed to attend her deposition on any of the dates ordered.

¶8 DNRC filed a Motion for Sanctions on January 5, 2012, seeking dismissal of the case with prejudice, as well as the award of costs and attorney's fees incurred in preparing for Ms. Long's deposition. Ms. Long did not respond to the motion, which the District Court granted and set for hearing. The parties attended the hearing, offered evidence, and the court awarded DNRC attorney's fees and costs of $15,303.75 in its twelve-page Findings of Fact, Conclusions of Law and Order.

¶9    Ms. Long argues for error by the District Court in its granting of the Motion to Withdraw by Ms. Long's attorney without giving her an opportunity to respond and an abuse of discretion by the District Court's Findings of Fact, Conclusions of Law and Order dismissing her case with prejudice with an award of attorney's fees and costs.

¶10    As to the issue concerning the order allowing Ms. Long's attorney to withdraw, Ms. Long sought no relief from the District Court's order below and cannot now urge error by the District Court.

¶11    As to the sanctions for discovery abuses, this Court has urged sanctions over second chances. *Peterman v. Herbalife Int'l., Inc.*, 2010 MT 142, ¶ 17, 356 Mont. 542, 234 P.3d 898 (citing *Linn v. Whitaker*, 2007 MT 46, ¶ 19, 336 Mont. 131, 152 P.3d 1282; *Xu v. McLaughlin Research Inst. for Biomedical Sci., Inc.*, 2005 MT 209, ¶ 20, 328 Mont. 232, 119 P.3d.100); s*ee also Dambrowski v. Champion Intl. Corp.*, 2000 MT 149, 300 Mont. 76, 3 P.3d 617.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. The District Court's sanctions are supported by extensive findings that are supported in the record and are based upon established and settled Montana law. After review of the record, we hold Ms. Long has failed to establish that the District Court abused its discretion in dismissing her case with prejudice and assessing attorney's fees and costs.

¶13    Affirmed.

/S/ JOHN W. LARSON
Hon. John W. Larson, District Court Judge,
sitting in place of Chief Justice Mike McGrath


We concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ MICHAEL E WHEAT

/S/ C.B. McNEIL
Hon. C.B. McNeil, District Court Judge,
sitting in place of Justice Brian Morris