FILED

May 17 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0236

DA 15-0236

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 112N

PHYLLIS T. JAMISON,

        Plaintiff and Appellant,

  v.

MISSOULA COUNTY COMMISSIONERS,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV-11-2
                    Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Phyllis T. Jamison (Self-Represented), Clinton, Montana

        For Appellee:

                Kirsten Pabst, Missoula County Attorney, Matt Jennings, Erica Grinde,
                Deputy County Attorneys, Missoula, Montana

                        Submitted on Briefs:  May 4, 2016

                                  Decided:  May 17, 2016

Filed:

                                 _____
                                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Phyllis Jamison appeals the District Court's dismissal of her complaint as a sanction for Jamison's failure to comply with discovery and with scheduling orders.  We affirm.

¶3    This case arises from Jamison's long-standing disagreements with Missoula County over abandonment of a county right-of-way in Clinton.  *Jamison v. Van Valkenburg*, 2010 MT 238N, 359 Mont. 443, 249 P.3d 80 (Table).  In the present case, the County served Jamison with discovery requests concerning the issues raised in her complaint.  Over a span of months Jamison failed to meet deadlines for responding to the discovery, or responded in meaningless ways.  When asked, for example, to explain the basis for her allegation that the County committed vandalism on her property, she responded that she would "need to set up cameras to obtain proof."  Jamison does not contend that she complied with deadlines or with substantive responses to discovery, but rather blames the County for giving her confusing instructions about what she should do.

¶4    The District Court gave Jamison numerous extensions to respond to discovery and warned her expressly that her continuing failure to comply with discovery and court

orders could result in sanctions that included dismissal. The County ultimately moved to dismiss pursuant to M. R. Civ. P. 37(d) and 16(f), arguing that Jamison failed to comply with the District Court's scheduling orders and failed to respond to discovery requests. The District Court granted the County's motion to dismiss, finding that Jamison failed to provide meaningful responses to discovery and failed to comply with the orders requiring her to do so. The District Court also noted that Jamison failed to respond to the motion to dismiss. The District Court found that dismissal was the appropriate sanction because no lesser sanction would cause her to comply.

¶5 The Rules of Civil Procedure plainly allow a district court to dismiss an action as a sanction for failure to comply with scheduling orders and for failure to comply with discovery. M. R. Civ. P. 16, 37; *Linn v. Whitaker*, 2007 MT 46, ¶ 20, 336 Mont. 131, 152 P.3d 1282.

¶6 Jamison further contends that the District Court erred by requiring her to participate in the costs of mediation after she was deemed to be indigent. However, the mediation never occurred and Jamison has not paid any fees. This issue is moot. Finally, Jamison contends that she had a right to appointed counsel. However, this is a civil case initiated by Jamison. As such, she is not entitled to appointment of counsel at public expense.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents questions controlled by settled law.

¶8 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE