DA 20-0490

FILED

08/31/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0490

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 216N

IN RE THE MARRIAGE OF:

LOUISE SCHAUB,

       Petitioner and Appellant,

   and

DENNIS SCHAUB,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                     In and For the County of Hill, Cause No. DR-18-038
                     Honorable David J. Cybulski, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Patrick F. Flaherty, Flaherty Gallardo Lawyers, Great Falls, Montana

       For Appellee:

              Jeremy S. Yellin, Attorney at Law, Havre, Montana

                       Submitted on Briefs:  July 14, 2021

                                 Decided:  August 31, 2021

Filed:

                      _____
                                  Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Louise Schaub appeals from two orders of the Twelfth Judicial District Court, Hill County, sanctioning her for discovery violations and dissolving her marriage to Dennis Schaub and distributing their marital estate. The restated issue on appeal is whether the District Court abused its discretion in distributing the marital estate as a sanction for discovery abuse, without considering the requirements of § 40-4-202, MCA. We conclude the District Court abused its discretion and vacate the August 17, 2020 Order Granting Respondent's Motion for Sanctions and For Attorney's Fees and Costs and the September 10, 2020 Findings of Fact, Conclusions of Law, and Decree of Dissolution and remand for further proceedings consistent with this Opinion.

¶3 Louise and Dennis were first married on October 28, 1980. That marriage was dissolved on January 22, 2010. The parties stipulated to a property settlement agreement at that time. Dennis's counsel drafted the settlement agreement. Louise was not represented by counsel in the 2010 dissolution proceedings. In the agreement, Dennis was awarded seven real properties, as well as multiple vehicles, trailers, a boat, a four-wheeler, and all other property located in the marital home. Louise was awarded a 1993 Voyager

2

van, a bed, couch, loveseat, chair, personal clothing, and all personal items in her possession.

¶4 By November 2014, the parties had reconciled and entered into a common-law marriage. Louise filed a petition for a dissolution of marriage on June 8, 2018. Louise alleged, in part, the property settlement in the 2010 dissolution proceedings was unconscionable and sought for the court to "award the distribution of the marital property and debts." Dennis answered the petition on June 26, 2018, denying the prior property settlement agreement was unconscionable and seeking for the court to "equitably divide the parties' property and debts." The parties held a scheduling conference on November 13, 2018. They agreed to a four-month discovery deadline and to draft a proposed order and agree on deadlines before sending it to the court. A hearing would be set at the end of discovery. Nothing further was filed in the court docket for over a year.

¶5 On February 14, 2020, Dennis filed a Consolidated Motion to Compel Discovery and for Attorney's Fees and Costs when Louise failed to answer discovery requests he sent her on August 22, 2019. Louise's response to the consolidated motion stated "Louise Schaub has been disabled. She has relapsed and was unable to communicate. Counsel for the Petitioner lives in Great Falls and Louise lives in Havre. Communication has been difficult due to the distance and due to her disability and relapse." She assured the court she would submit her responses to discovery within ten days "now that Louise is in recovery." The District Court did not immediately rule on the motion. On May 14, 2020, Dennis filed a Request for Summary Ruling when discovery responses were still not

3

forthcoming. On May 27, 2020, the District Court granted Dennis's motion to compel discovery and ordered Louise to provide discovery on or before June 15, 2020. It also ordered Louise to pay Dennis's attorney fees and costs related to the filing of his motion to compel.

¶6 On July 3, 2020, Dennis filed his Consolidated Motion for Sanctions and Brief in Support. Dennis averred he still had not received a response to his discovery request and Louise had not paid the ordered attorney fees and costs. He sought default judgment against Louise or alternatively, for the court to strike Louise's pleadings and claims regarding the disbursement of the parties' property. Louise filed her response on August 6, 2020. She stated the discovery had been answered and the attorney fee sanction had been paid. She reiterated her difficulty in responding had resulted from long distance from her attorney and her relapse. She further asserted she was "seeking a fair and equitable division of the marital estate." On August 17, 2020, the court issued its Order Granting Respondent's Motion for Sanctions and for Attorney's Fees and Costs, holding Louise in contempt, striking her pleadings and claims regarding the disbursement of the parties' property, and ordering Dennis to submit a proposed findings of fact, conclusions of law, and decree of dissolution within thirty days.

¶7 The next entry in the docket is the September 10, 2020 Findings of Fact, Conclusions of Law, and Decree of Dissolution. The decree awarded Dennis his bank accounts, all real property, multiple vehicles, boats, quadrunners, firearms, trailers, and motorcycles, as well as various other valuable personal property. Louise received "all

4

property and debts in her sole possession and name, towit, her personal effects." The court cited the short period of reconciliation, Dennis's role as sole wage earner, and Louise's failure to contribute to the marital estate as justification for awarding almost the entirety of the marital estate to Dennis. The District Court took no evidence whether the distribution of the marital estate as proposed by Dennis was equitable and made no finding that the distribution of the marital estate was equitable.

¶8      We review a district court's imposition of sanctions for an abuse of discretion. *In re Marriage of Lundstrom*, 2009 MT 400, ¶ 15, 353 Mont. 436, 221 P.3d 1178. "A district court has broad discretion to apportion the marital estate in a manner equitable to each party under the circumstances." *Hutchins v. Hutchins*, 2018 MT 275, ¶ 7, 393 Mont. 283, 430 P.3d 502. We review a district court's division of marital property to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hutchins*, ¶ 7. A finding is clearly erroneous if it is not supported by substantial credible evidence, if the court misapprehended the effect of the evidence, or if a review of the record leaves us with the definite and firm conviction that the court committed a mistake. *Hutchins*, ¶ 7. "A district court's apportionment of the marital estate will stand unless there was a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice." *Hutchins*, ¶ 7 (citing *Richards v. Trusler*, 2015 MT 314, ¶ 11, 381 Mont. 357, 360 P.3d 1126). Each case is considered individually based on its own unique circumstances. *Hutchins*, ¶ 7 (citing *In re Marriage of Spawn*, 2011 MT 284, ¶ 9, 362 Mont. 457, 269 P.3d 887).

5

¶9 M. R. Civ. P. 37(b)(2) allows the court to impose sanctions for failure to comply with an order to compel discovery responses. We have previously explained this Court will generally afford a district court deference in the imposition of sanctions because the trial judge is in the best position to know if a party callously disregards the rights of other litigants. *In re Marriage of Lundstrom*, ¶ 16. Correspondingly, the trial judge is also generally in the best position to determine what sanction is appropriate and a default judgment may be an appropriate sanction for a party's refusal to comply with discovery. *In re Marriage of Lundstrom*, ¶ 16.

¶10 Louise failed to respond to Dennis's discovery requests within the time frame ordered in the District Court's order compelling her to respond. The District Court did not abuse its discretion in imposing further sanctions on Louise.

¶11 We have previously explained, however, the imposition of sanctions does not "relieve a district court of its obligation to comply with the requirements of § 40-4-202, MCA, to equitably apportion between the parties the property and assets belonging to either or both and to consider several factors in distributing the marital estate equitably." *In re Marriage of Lundstrom*, ¶ 18. Section 40-4-202, MCA, governs the distribution of a marital estate. The court must "equitable apportion between the parties the property and assets belonging to either or both, however and whenever acquired." Section 40-4-202(1), MCA. In apportioning the marital estate,

> the court shall consider the *duration of the marriage and prior marriage of either party*, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties, custodial provisions, whether the apportionment is in lieu of

or in addition to maintenance, and the opportunity of each for future acquisition of capital assets and income.

Section 40-4-202(1), MCA (emphasis added). The court must also consider "the contribution of a spouse as a homemaker." Section 40-4-202(1), MCA. "The court must refer to and consider the § 40-4-202, MCA, factors in its findings and conclusions." *Hutchins*, ¶ 30 (citing *In re Marriage of Funk*, 2012 MT 14, ¶ 7, 363 Mont. 352, 270 P.3d 39).

¶12 Just as in *Marriage of Lundstrom*, ¶ 19, "[o]n its face, the property distribution in this case appears to be inequitable." *See also Richards*, ¶ 31 (explaining that while "an equitable award does not mean an equal award," a grossly lopsided division of property may evidence an inequitable property division). The court awarded Dennis the entirety of the marital estate, save Louise's personal effects in her possession. The court provided scant justification for this grossly lopsided division and did not cite or discuss the factors from § 40-4-202, MCA. The District Court failed to consider the prior thirty-year marriage between the couple, with a relatively short break before reconciling and remarrying. The District Court failed to consider the unique circumstances of this case, including the fact an unrepresented Louise stipulated to the 2010 property settlement agreement, but she no longer does. The prior property settlement agreement, while relevant to consider, does not serve as a de facto prenuptial agreement in the current proceedings. The court remains obligated to equitably divide the property in the current dissolution proceedings, considering all the factors under § 40-4-202, MCA.

¶13 Further, the District Court did not hold a hearing or otherwise receive evidence to support its property distribution. As we concluded in *In re Marriage of Lundstrom*, ¶ 20, "[t]he imposition of sanctions against [Louise] appears justified. However, we conclude that the District Court's findings of fact underlying the distribution of the marital estate are clearly erroneous because they are not based on substantial evidence in the record." We vacate the August 17, 2020 Order Granting Respondent's Motion for Sanctions and for Attorney's Fees and Costs and the September 10, 2020 Findings of Fact, Conclusions of Law, and Decree of Dissolution. This matter is remanded for reconsideration of appropriate sanctions and an equitable distribution of the marital estate consistent with the requirements of § 40-4-202, MCA.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Reversed and remanded.

/S/ INGRID GUSTAFSON

We concur:

/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

8

Justice Jim Rice, dissenting.

¶15 The District Court entered a 13-page Findings of Fact, Conclusions of Law, and Decree of Dissolution that addressed the merits of the proceeding. It addressed the history of the parties' relationship, including the first marriage, first dissolution in 2010, and their brief time together here. It provided reasoning for the distribution of the marital estate at this juncture, including that Appellant had terminated her employment after moving back with Appellee, entered in-patient treatment during this period, and "wasted the marital estate" during the marriage by such actions as "writing checks for over the amount" of bills to obtain money to purchase drugs, and writing business account checks to herself. Appellee "solely paid all marital debts and expenses" during the parties' reconciliation. The District Court also noted that Appellant had "failed to participate in this action almost entirely." Appellant's addiction-related circumstances are unfortunate, but I believe the District Court satisfied the requirements of *Lindstrom* and the statute, and I would affirm.

/S/ JIM RICE